[Crim. No. 1.    Second Appellate District.—August 15, 1905.]

## THE PEOPLE, Respondent, v. ARCHIE HILL, Appellant.

CRIMINAL LAW—APPEAL—ARREST OF JUDGMENT—VERDICT.—In a criminal prosecution an appeal does not lie from a motion in arrest of judgment nor from the verdict.

ID.—MURDER—CONFLICTING EVIDENCE.—In a prosecution for murder, where the evidence is conflicting as to whether the crime committed

was manslaughter or murder in the first degree, a verdict convicting the defendant of the latter offense will not be disturbed on appeal on the ground of the insufficiency of the evidence to sustain it.

ID.—ADMISSIONS—INSTRUCTIONS.—In such a prosecution, where oral admissions of the defendant made to the officers soon after his arrest, had been placed in evidence through the testimony of the officers, it was not error to instruct the jury ''that the evidence of certain witnesses as to oral admissions or statements of the defendant alleged to have been made to them should be received with great caution and viewed with scrutiny, and that in considering such testimony you should take into consideration the surrounding circumstances and surroundings of defendant and the probability or improbability of his having made such statements.'' Such instruction, even if erroneous, was favorable to the defendant.

ID.—WEIGHT OF DEFENDANT'S EVIDENCE.—It was not error to instruct the jury in such prosecution as follows: ''In considering the weight and effect to be given to the evidence of the defendant, while you may consider his manner, and the probability of his statements taken in connection with all the evidence in the case, and if convincing and carrying with it a belief in its truth, act upon it; if not, you have the right to reject. But this does not mean that you have a right to arbitrarily reject it. And in judging of the defendant who has testified before you you are in duty bound to presume that he has spoken the truth. Unless that presumption has been legally repelled, his evidence is entitled to full credit.''

ID.—INSTRUCTIONS NEED NOT BE REPEATED.—An instruction requested by the defendant as to the law of self-defense need not be given if it has already been given in substance.

ID.—TESTIMONY OF DEFENDANT.—It was not error to refuse an instruction requested by the defendant as follows: ''The object of the law in permitting parties charged with crime to testify in their own behalf is not merely to enable them to disclose facts wholly within their own knowledge, but to explain their own acts and motives with which they were performed and to explain, if need be, what they meant or intended to be understood as meaning by what they may have said or done at the time of the alleged criminal occurrence.''

ID.—EVIDENCE.—In a prosecution for the murder of a street-car conductor, in which it was shown that the killing was the culmination of a dispute between the defendant and the conductor as to whether the defendant had on a previous trip, by mistake, given the conductor a five-dollar gold-piece instead of a nickle, evidence is admissible that the conductor when taken to the hospital had not a five-dollar piece on his person.

ID.—CONFLICTING STATEMENTS OF DEFENDANT.—In such a case evidence is admissible of conflicting statements of the defendant as to the time when he discovered the loss of the five dollars.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

J. G. Rossiter, C. L. Shinn, and H. H. Appel, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

GRAY, P. J.—The defendant was convicted of murder in the first degree, and sentenced to imprisonment for life. He appeals from the judgment, from an order denying him a new trial, from an order denying his motion in arrest of judgment, and from the verdict of the jury.

The appeals from the order denying the motion in arrest of judgment and from the verdict are unauthorized by law, and may therefore be ignored.

The defendant shot and killed Wilbur L. Carlton, a street-car conductor, in the city of Pasadena. The killing was the culmination of a dispute between defendant and the conductor as to whether defendant had, on a previous trip, by mistake, given the conductor a five-dollar piece, thinking it was a nickel.

1. The appellant contends that the evidence, taking the worst view of it for defendant, establishes no greater crime than that of manslaughter. The evidence was very conflicting. The testimony of one set of eye-witnesses to the controversy and shooting showed that the defendant shot the conductor without any previous hostile demonstrations or threats on the part of the latter, and because the latter denied receiving the five dollars and refused to restore it to defendant. Another set of witnesses testified to facts showing that the conductor violently beat the defendant in the face and on the head and pushed him off the rapidly moving car, and that defendant shot only after the beating had progressed for some time, and just as the defendant was losing his hold on the car—perhaps accidentally. What theory should be adopted from this evidence, and what witnesses should be believed, was for the jury to determine. We cannot interfere with

the verdict where there is, as in this case, a substantial conflict in the evidence, one line of it pointing clearly to guilt of the crime of which the defendant stands convicted, and the other line pointing to a lesser crime, or, perhaps, to justification on the ground of self-defense. Of course, on the theory of the truth of the witnesses who testified to the absence of hostile threats and demonstrations on the part of the conductor prior to the shooting, the defendant was guilty of murder in the first degree. However sincerely defendant may have believed that the conductor had four dollars and ninety cents of defendant's money, yet, for the latter to shoot the former because of his refusal to surrender this money shows an "abandoned and malignant heart"; and constitutes murder in the first degree.

2. The following instruction is complained of:

"You are instructed that the evidence of certain witnesses as to oral admissions or statements of defendant alleged to have been made to them, should be received with (great) caution and viewed with scrutiny, and that in considering such testimony you should take into consideration the surrounding circumstances and surroundings of defendant and the probability or improbability of his having made such statements."

Certain oral admissions of defendant, made to the officers soon after his arrest, had been placed in evidence, through the testimony of the officers. This instruction must be understood as applying to those admissions; and thus understood, we cannot see how it can be regarded otherwise than as favorable to defendant. If it were conceded to be erroneous, it could not have harmed the defendant. And this would be so, even if it were directed at some statement that the defendant had previously made, and upon which he relied at the trial to aid his defense. (*People* v. *Wardrip*, 141 Cal. 232, [74 Pac. 744].)

3. The jury were-instructed as follows:

"In considering the weight and effect to be given to the evidence of the defendant, while you may consider his manner, and the probability of his statements taken in connection with all the evidence in the case, and if convincing and carrying with it a belief in its truth, act upon it; if not, you have the right to reject it. But this does not mean that you have a right to arbitrarily reject it.

I Cal. App.—27

"And in judging of the defendant who has testified before you you are in duty bound to presume that he has spoken the truth and unless that presumption has been legally repelled his evidence is entitled to full credit."

The appellant complains of this instruction, but there is no merit in such complaint. (*People* v. *Wells*, 145 Cal. 138, [78 Pac. 470].) The language, "if convincing and carrying with it a belief in its truth, act upon it," is found in the instruction in the Cronin case (34 Cal. 196), and that case has been often affirmed upon this point.

4. The instructions given as to the law of self-defense were aptly applied by the court to the facts in the case, were full and complete, and there was, therefore, no necessity for giving the further instructions on that point requested by defendant.

5. The court refused to instruct the jury as follows:

"The object of the law in permitting parties charged with crime to testify in their own behalf is not merely to enable them to disclose facts wholly within their own knowledge, but to explain their own acts and motives with which they were performed and to explain, if need be, what they meant or intended to be understood as meaning by what they may have said or done at the time of the alleged criminal occurrence."

There is nothing in this proposed instruction that would enlighten any person of ordinary intelligence, and nothing in it necessary to be stated to a jury. The court made no mistake in refusing it.

6. Further objections are made to the giving of certain instructions, and to the refusal to give certain others. We have carefully examined the same, and are of opinion that none of them are of sufficient importance to warrant a discussion. The instructions given were full and fair upon every point involved in the case, and were pertinent to the case as made by the evidence, and this was sufficient.

7. Complaint is made that the prosecution was permitted to prove that the conductor when taken to the hospital had not a five-dollar piece on his person. It is urged now that the material thing was not whether the defendant did in fact give the five-dollar piece to the conductor, but the important fact to ascertain as bearing on his motives is whether he

thought he had delivered it. We take it that if it could be demonstrated that the defendant had not in fact delivered any five-dollar piece to the conductor, and it was also shown (as some evidence indicated) that in his first account of the matter he had made statements in conflict with his testimony given at the trial as to the time when he first discovered that he had parted with the five-dollar piece, all this would tend to show that the defendant was acting in bad faith as to his five-dollar claim. We think it was proper to show that the conductor was not possessed of a five-dollar piece, because that fact, taken with the other evidence, tended to show that he had not received a five-dollar piece from defendant. And his non-receipt of the piece, taken with the other evidence, tended to show that defendant's claim as to the five-dollar piece was not in good faith. In this connection, we should not overlook the fact that the defendant was armed with a deadly weapon. Surely the defendant was in a better position than any other person to know whether he had lost a five-dollar piece, and if he claimed to have given it to a person to whom he knew he did not give it, this might justify the argument that he was hunting for trouble of a nature that would bring into use the deadly weapon with which he went armed.

8. There was no error in permitting the evidence to stand which tended to show conflicting statements of defendant as to the time when he discovered the loss of his five dollars.

We can discover no error in the record.

The judgment and order denying a new trial are affirmed.

Allen, J., and Smith, J., concurred.