[Crim. No. 2731.   Second Appellate District, Division Two.—October 4, 1935.]

THE PEOPLE, Respondent, v. VERNON LOONEY et al., Defendants; DENNIS LA CASTER et al., Appellants.

Henry G. Bodkin and John S. Cooper for Appellants.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CRAIL, P. J.—The defendants and three others not herein named were jointly charged, tried and convicted of robbery of the first degree. Defendants La Caster and Nunn have appealed and their appeals have been presented separately.

From the record it appears that on Thanksgiving Eve of 1933 the five defendants met at a bootleg establishment conducted by defendant Nunn and agreed upon the robbery. They thought that the complaining witness was operating a still and that he had considerable brandy and wine on his premises. Defendant La Caster was to pose as a federal officer, and they thought that in this way there would be no trouble getting the liquor from the complaining witness for the reason that he would be scared to death. The five conspirators arrived at the premises of the complaining witness in automobiles about midnight. Defendant La Caster showed complaining witness a badge and said "Federal officers." Defendant Nunn came up with a shotgun and said "Hands up." They all entered the house. They took from the complaining witness his pocketbook containing $23, also $2 in loose change from his pockets. They also took a barrel of wine and two five-gallon bottles of wine, a watch, two tires and a bag of walnuts.

■ Defendant La Caster contends that the trial court erred in failing to instruct the jury that his connection with the crime must be established beyond a reasonable doubt by evidence other than the testimony of accomplices. This is not the law. While more is required by way of corroboration than to raise a mere suspicion, it is only necessary that the corroborative evidence *tend* to connect the defendant with the commission of the offense. (8 Cal. Jur. 179, and cases cited.) ■ La Caster's connection with the commission of the offense was established by the testimony of the complaining witness. Furthermore, La Caster in his own testimony admitted his connection with the crime, and there would have been no reversible error in failing to give an instruction on the necessity of corroboration of an accomplice as to de-

fendant's connection with the offense even if one had been offered by La Caster, which he did not do.

■ La Caster's next contention is that the trial court erred in compelling him to conduct his own defense. The record shows that at the time of arraignment on December 24, 1934, the trial court appointed the public defender to represent him and his time to plead was continued to December 27th. On the latter date he entered a plea of "Not guilty" and the trial of the action was set for January 15, 1935. On that date the trial was continued to February 4th on motion of his counsel. On January 23d, for reasons not set forth in the record, the public defender was allowed to withdraw as attorney for appellant. On February 4th the case went to trial against all of the conspirators, La Caster representing himself, while all of the others were represented by counsel, one of them being represented by the public defender. The record does not show that the trial court compelled La Caster to act as his own counsel. Frequently a defendant in a criminal action feels that he can present his case more capably than an attorney. A defendant has a constitutional right to appear and defend in person. The fact that he does not win his case is no ground for a reversal of the judgment. In the instant case La Caster admitted his participation in the events complained of. He denied, however, entering the home of the complaining witness, contending that he remained in the automobile while the others obtained the loot.

■ Defendant La Caster next contends that the trial court erred in ordering that his trial proceed along with the other defendants, denying his request for delay for the purpose of producing a Mrs. Tavenick and Lieutenant Anderson. The witness Tavenick had actually been in attendance at the court, but she had not been subpoenaed. The court permitted La Caster to state in the presence and hearing of the jury that what he wanted Mrs. Tavenick to testify to was that on Thanksgiving Day when the complaining witness accused him of striking him, he had a badly infected finger; that his hand was bound and that it would have been impossible for him to have closed his hand at that time. In view of La Caster's testimony above related, the testimony of Mrs. Tavenick would have been merely corroborative of

his own testimony on a matter collateral to the issue, for the reason that he admitted being one of the five men who went to the farmhouse of complaining witness. The fact, if it be a fact, that he did not enter the house would not be a defense. Defendant had not taken the trouble to subpoena Lieutenant Anderson. We see no abuse of discretion in the court's ruling.

■ La Caster's next contention is that the trial court erred in ruling that he could not discuss his own testimony. The record shows that when the parties had rested and were ordered to proceed with the argument the court asked La Caster how long he wanted to talk to the jury, to which La Caster stated "About thirty minutes," to which the court said: "You understand you cannot talk about your own testimony." La Caster's argument to the jury is not set forth in the record and there is no way of telling on appeal what he said to the jury. It is a fair presumption that he said to the jury whatever came into his mind, if he thought it would help him. Certainly we cannot presume from this meager record that he was deprived of any constitutional right. The record leaves no reasonable doubt that La Caster is guilty of the crime charged. In the absence of a clear showing of prejudice, we would not order a reversal. (*People* v. *Mayfield,* 85 Cal. App. 77 [259 Pac. 75].)

■ La Caster's final contention is that the court erred in denying his motion to set aside the verdict of guilty and to dismiss the cause. This motion is unauthorized by law. (*People* v. *Hill,* 1 Cal. App. 414 [82 Pac. 398].) In this connection La Caster relies greatly upon *People* v. *Schwarz,* 201 Cal. 309 [257 Pac. 71]. That case is not in point. In that case the court very specifically limited the remedy described therein to cases where no trial had been had on the merits. See the bottom of page 314, where the court says: " . . . this exceptional remedy applies only where no trial has been had on the merits. . . . "

■ The defendant Nunn first asks for a reduction in the offense from robbery to grand theft for the reason that at the time of pronouncing judgment on a defendant named Treece, the trial court so reduced the offense as to him. After reading the record we would not be interested in such a request, especially in view of the trial court's statement made at

thc time that "This man Nunn is the ringleader of this group. . . . "

■ Defendant Nunn's final contention is that the trial court erred in refusing his motion to vacate the judgment and to hear and entertain evidence on the matter of probation. This motion the court held to be out of order. The Penal Code does not provide for such motion on such ground. Defendant Nunn also relies upon *People* v. *Schwarz, supra.* That case is not in point for the reason that defendant Nunn was given a trial on the merits.

The judgments and orders are affirmed.

McComb, J., *pro tem.,* concurred.

WOOD, J., Concurring.—I concur in the judgment. In my opinion the trial court erred in ruling that defendant La Caster could not discuss his own testimony in his argument to the jury. The argument of defendant not being before us, we should presume that he obeyed the ruling of the court, and that in any event the court enforced its ruling. This error, however, should not cause a reversal of the judgment for the reason that La Caster virtually admitted his guilt while testifying as a witness. From his own testimony the jury could bring in no other than a verdict of guilty and defendant cannot possibly expect a reversal of the judgment on this point.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal was denied by the Supreme Court on October 31, 1935.