[Crim. No. 1891.   Third Dist.   Mar. 19, 1945.]

THE PEOPLE, Respondent, v. WESLEY ROBERT WELLS, Appellant.

Wesley Robert Wells, in pro. per., for Appellant.

Robert W. Kenny, Attorney General, and Ward Sullivan, Deputy Attorney General, for Respondent.

THOMPSON, J.—The defendant has appealed from a judgment rendered pursuant to the verdict of a jury, convicting him of the crime of unlawful possession of, and carrying on his person, a sharp instrument, to wit, a knife, while he was a prisoner in Folsom State Prison, contrary to the provisions of section 4502 of the Penal Code. He also gave written notice of an appeal from "the court's order denying a motion for a new trial." No motion for new trial was presented to the trial court, and we shall therefore disregard that portion of the notice of appeal.

The defendant was represented at the trial by an attorney. During the trial the attorney withdrew as counsel, at the defendant's request. The defendant elected to and did represent himself in the completion of the trial, except that the attorney was permitted to argue the case to the jury. The defendant appears in proper person on this appeal.

It is contended, in effect, that section 4502 of the Penal Code is unconstitutional; that the verdict and judgment are not supported by the evidence; that the court erred in "ruling out his defense of self-defense," and that, since the statute

does not prescribe a maximum penalty for the crime the judgment is uncertain and void. It is also claimed that the court erred in failing to require the clerk to include in his transcript on appeal the instructions to the jury which were given and refused.

The defendant admitted at the trial that he was a prisoner in Folsom State Prison at the time charged in the information, and that he was then in possession of a knife with which he stabbed a fellow prisoner by the name of William H. Brown. The defendant claimed to have armed himself and to have used a knife in necessary self-defense. The transcript contains over two hundred pages of testimony, most of which relates directly to defendant's possession and use of the knife in alleged necessary self-defense, which evidence was adduced over the objection of the prosecuting officer. That evidence was not stricken from the record. The defendant was permitted to fully develop that defense. Numerous inmates of the prison and several officers were fully examined upon that issue as witnesses. The defendant took the stand in his own behalf. There is a conflict of evidence regarding the affray which occurred in the mess hall. The defendant claimed that he had a controversy in the mess hall with Brown who had threatened to inflict upon him bodily harm. He testified that at the time of the cutting affray Brown was also armed with a knife. That was apparently true. The defendant stated that he procured the knife in question from another prisoner and put it inside of the case in which he was carrying a musical instrument. He was a member of the prison orchestra. At the same time he also took another prisoner's jacket from a hook in the hallway, and placed it on the bench upon which he subsequently sat at the mess table. When he observed Brown enter the mess hall the defendant removed the knife from the musical instrument case and slipped it into a music book which he carried. He then placed the jacket over the book. It appears that the controversy was renewed, and as Brown approached the defendant he arose and, picking up the jacket which he used as a shield, he seized the knife and cut Brown repeatedly in the abdomen and chest, inflicting serious injuries. He drove Brown from the mess hall into the kitchen. The prison guards interfered in the affray and demanded that the defendant surrender possession of the knife, which he then refused to do. He was

taken some distance to the office of the Captain of the Guard, to whom he delivered the knife. The circumstances of the case leave a reasonable question as to which party was the aggressor in the affray.

If self-defense is a proper defense to the crime charged under section 4502 of the Penal Code, under the circumstances of this case, which we do not decide, we must assume the implied findings of the jury determined that the defendant did not procure the knife and retain possession of it, in necessary self-defense, believing as a reasonable man that it was necessary to do so to protect himself against imminent danger of great bodily harm at the hands of his fellow prisoner. That issue was decided against him. There is sufficient evidence to support the verdict and judgment of conviction in that regard.

The appellant is mistaken in asserting that his evidence of self-defense was stricken from the record. We have carefully examined the transcript and find there was neither a motion nor an order to strike that evidence from the record. That evidence was adduced over the objection of the district attorney, but the case was tried and argued to the jury on the theory that it was competent. Some objections to certain questions were sustained. Our attention is not called to any specific assignments of error in that regard. We observe no error in such rulings. The rulings of the court appear to have been proper.

The instructions were properly excluded from the clerk's transcript on appeal. The appellant failed to request the inclusion of the instructions in the transcript. (Rules on Appeal, rule 33.) Subdivision (b) of the previously cited section of rules contemplates that instructions shall not be included in the transcript unless they are specifically requested. In his brief on appeal the appellant designates no instruction given or refused which he contends constituted error. There is no merit in the assertion that the appellant was prejudiced by failure to include the instructions in the clerk's transcript.

Section 4502 of the Penal Code, prohibiting prisoners in any state prison from having possession of or bearing on their persons certain designated weapons, is not unconstitutional or in conflict with article I, section 1, of the state Constitution, which guarantees all men the right to acquire and

possess property. Neither does that section of the code violate the provisions of the Second Amendment of the federal Constitution which prohibits infringement of the right of the people to keep and bear arms. It has been frequently held that similar statutes are valid enforcements of reasonable police regulations. (*In re Rameriz*, 193 Cal. 633, 650 [226 P. 914, 34 A.L.R. 51]; *People* v. *McCloskey*, 76 Cal.App. 227 [244 P. 930]; *People* v. *Gonzales*, 72 Cal.App. 626 [237 P. 812]; U. S. Const. (2d ed. 1938), p. 846; 2 Meig's Constitution and Courts, p. 350; Bishop on Statutory Crimes (3d ed.), § 792, p. 535.) Section 4502 of the Penal Code is a reasonable, uniform police regulation enacted to protect inmates and officers of state prisons from the peril of assaults with dangerous weapons perpetrated by armed prisoners. That statute was adopted on the justifiable theory that there is greater danger of imprisoned felons becoming incorrigible and resorting to violence if they are permitted to carry upon their persons deadly weapons. The possession of such weapons by prisoners is therefore validly and wisely prohibited.

It was not necessary for the prosecution to prove affirmatively that the defendant armed himself with the *intention* of unlawfully carrying upon his person the prohibited weapon for the purpose of violating the statute. That section of the code absolutely prohibits all prisoners in any state prison, without qualification, from possessing or carrying on their persons certain designated deadly weapons. The intention with which the weapon is carried on the person is not made an element of the offense. Proof of the possession of the prohibited weapon infers that it is carried in violation of the statute. (*People* v. *Gonzales, supra; People* v. *Wolfrom*, 15 Cal.App. 732, 736 [115 P. 1088]; 8 R.C.L. 288, § 309.) Certainly, the defendant, under such circumstances, has the burden of proving as a matter of defense, that he is not carrying the weapon in violation of the statute. In some jurisdictions statutes which prohibit the carrying of concealed weapons contain specified exceptions, such as the transportation of a weapon as a mere article of merchandise, or for the purpose of taking it to a shop for repairs. (*Foster* v. *State*, 59 Tex.Crim.Rep. 44 [126 S.W. 1155, Ann. Cas. 1912A 1206].) Under such statutes, and apparently in some cases in which such exceptions were not provided for,

it is held that courts should take into consideration the intent or purpose with which the accused carries the weapon. But California courts are in accord with those jurisdictions which hold that where the intent is not made a necessary element of the crime it is not essential to prove affirmatively the purpose for which the act is performed. ■ Section 4502 of the Penal Code is unqualified in its prohibition against prisoners of a state prison having in their possession or on their persons the weapons enumerated therein. We are convinced that the intent or purpose with which a prisoner arms himself with a prohibited weapon is not a necessary element under that statute. In 8 Ruling Case Law at page 288 it is said:

"In other jurisdictions the courts hold that the intent of one accused of carrying a concealed weapon is immaterial, and that if he has a weapon concealed on his person contrary to statute he is guilty of the crime denounced thereby regardless of the purpose for which he carried the weapon. In support of this rule it has been held that the guilty intent *is the intent to carry the weapon concealed,* and does not depend upon the intent to use it, and that the object of the statute is not to forbid the carrying of a deadly weapon *for use,* but to prevent the opportunity and temptation to use it arising from its concealment." (Italics added.)

■ It is not necessary for us to determine whether the mere possession of a prohibited weapon by a prisoner in a state prison, which is secured for the sole purpose of protecting himself against a threatened imminent assault by another inmate, would constitute a valid proper defense to the charge of violating the provisions of section 4502 of the Penal Code. The defendant claimed that was the only reason he armed himself with the knife. Over the objection of the prosecuting officer the defendant was permitted to fully develop that alleged defense by the introduction of much evidence on that subject. The case was also argued to the jury on that theory. The jury found the defendant guilty as charged. In support of the verdict and judgment we must assume the jury did not believe that the defendant procured, carried or used the knife in necessary self-defense to protect himself against threatened imminent danger of great bodily harm at the hands of a fellow prisoner. The defendant had the full benefit of that theory of necessary self-defense, even though it be conceded

that evidence was competent, which we refrain from determining.

The purpose for which the knife was secured, carried and used by the defendant, together with the question as to who was the aggressor in the affray, were problems for the determination of the jury, with which we may not interfere on appeal, except when there is an absence of evidence to support the implied findings in that regard. At most, the evidence of the affray and as to who was the aggressor is competent upon this charge only to the extent that it may tend to indicate whether the defendant was unlawfully in possession of the knife in violation of the provisions of section 4502, *supra*. There are many circumstances in this case which would warrant the jury in deciding that the defendant was the aggressor in the affray and that he deliberately armed himself with the intention of provoking the affray with Brown. There is ample evidence to support the verdict of the jury and the judgment of conviction of the defendant's unlawful possession of a deadly weapon.

The fact that section 4502, *supra*, does not prescribe a maximum penalty does not render it indefinite, uncertain or void. That section provides that one who has been convicted of that offense shall be punishable by imprisonment in the state prison ''for a term not less than five (5) years.'' The defendant in this case was sentenced to imprisonment for the term prescribed by law ''to run concurrently with the unexpired term of imprisonment of the sentence rendered on February 26, 1942.'' The term of the sentence in this case was properly undetermined by the trial judge in accordance with the provisions of section 1168 of the Penal Code, providing for an indeterminate sentence. Since section 4502 of the Penal Code provides only for the minimum term of imprisonment, the maximum penalty is presumed to be for life. (*People* v. *Ralph*, 24 Cal.2d 575, 578 [150 P.2d 401]; *People* v. *McNabb*, 3 Cal.2d 441, 456 [45 P.2d 334]; *In re Lee*, 177 Cal. 690 [171 P. 958]; *People* v. *Meyers*, 31 Cal.App.2d 515 [88 P.2d 212]; *People* v. *Sigel*, 55 Cal.App.2d 279 [130 P.2d 763].)

The case of *People* v. *Sama*, 189 Cal. 153 [207 P. 893], upon which the appellant relies in support of his alleged uncertainty of the maximum penalty prescribed has no application to this appeal. In that case the defendant was convicted of an *attempt* to commit robbery. He was sentenced for the term

"prescribed by law." The maximum term of imprisonment was properly deemed to be for defendant's lifetime. Section 664, paragraph 1, of the Penal Code prescribes the penalty for *attempted* crimes, when the penalty is not otherwise designated, to be "not exceeding *one-half the longest term of imprisonment prescribed.*" Quoting with approval from the case of *People* v. *Burns,* 138 Cal. 159 [69 P. 16, 70 P. 1087, 60 L.R.A. 270], the court said:

" 'What the actual life of a particular person would be, and what would be the half of it, cannot be known; and if one-half of the life of the appellant were the only punishment prescribed for the crime of which he was convicted, such punishment would be too vague and indefinite to be possible of enforcement, and no judgment could be rendered against him.' "

The court therefore properly held in the Sama case that the penalty of one-half of the life of the defendant, which was the maximum penalty then provided for attempt to commit robbery, was invalid for uncertainty. That case was decided in June, 1922. The following year the Legislature amended section 664 of the Penal Code definitely fixing the penalty for the crime of attempted robbery at "not more than twenty years." (Stats. 1923, p. 625.) No uncertainty regarding the maximum penalty, such as existed in the Sama case, is involved in this case. The maximum penalty under section 4502, *supra,* under the authorities previously cited, is for the term of life, which is not uncertain or indefinite.

It was not the duty of the trial judge to definitely fix the term of imprisonment in this case as provided by section 671 of the Penal Code. That section was adopted in 1872. It is superseded in that respect by the enactment of the Indeterminate Sentence Act (Pen. Code, § 1168), which was subsequently passed in 1927, and repeatedly amended, even as recently as 1941, specifically providing that "the court in imposing the sentence *shall not fix the term or duration of the period of imprisonment.*" (Italics added.) (*People* v. *Stratton,* 136 Cal.App. 201, 208 [28 P.2d 695].) In the case last cited, in which a hearing by the Supreme Court was denied, the court said:

"Section 671, *supra,* does apparently provide that the court might have, in this instance, sentenced the defendant for a certain number of years. However, section 1168, *supra,* with-

out direct reference to section 671, *supra, suspends the operation thereof by necessary implication. The very first sentence provides that the trial court shall not fix the term or duration of the period of imprisonment."* (Italics added.)

In the present case the trial court properly disregarded the provisions of section 671 in that regard, and conformed to the definite requirements of section 1168, by merely adjudging that the defendant should be committed to state prison for the term provided by law.

For the foregoing reasons the judgment and the order are affirmed.

Adams, P. J., and Peek, J., concurred.