[Crim. No. 4743.   Second Dist., Div. Two.   Mar. 25, 1952.]

## THE PEOPLE, Respondent, v. GEORGE JOSEPH ANSITE, JR., Appellant.

George J. Ansite, Jr., in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty on four counts of forgery after trial before a jury, defendant appeals.   There is also an appeal from the order denying his motion for a new trial.

*Facts:* Defendant forged the name "B. C. Robles" on four different checks, naming Donna M. Nolan as the payee. The payee in turn cashed each of the checks with various merchants in Los Angeles County. At the time the checks were drawn by defendant on the Bank of America, Wilmington Branch, the bank did not have an account with a "B. C. Robles."

After the information charging defendant with forgery was filed he was represented by counsel at the preliminary hearing and also at the time of arraignment. Subsequently the lawyers representing defendant were relieved and the public defender was appointed to represent him.

Thereafter defendant moved for permission to appear in propria persona which motion was granted. Defendant insisted on representing himself at the time of his trial though the court informed him the public defender was available and could aid him in the presentation of his defense.

*Questions:* First: *Was defendant convicted without benefit of adequate legal counsel?*

*No.* ■ A defendant has a constitutional right to appear and defend himself in person. (*People* v. *Looney,* 9 Cal.App.2d 335, 338 [3] [49 P.2d 889].) ■ Likewise defendant is entitled to waive the assistance of counsel and where he does so, as in the instant case, of his own volition and with full knowledge of what he is doing, he cannot complain that he has not had a proper defense at the time of his trial. (*People* v. *Chessman,* 38 Cal.2d 166, 173 [238 P.2d 1001]; *People* v. *Pearson,* 41 Cal.App.2d 614, 619 [107 P.2d 463].)

In the present case defendant voluntarily chose to represent himself; therefore there is no merit in his contention that he was deprived of his constitutional right to be represented by counsel.

■ Second: *Did the trial court err in denying defendant's motion for a new trial on the ground he has evidence of an alibi which was unknown to him at the time of the trial?*

*No.* There is a total absence of any showing in the record of any reason why defendant did not know at the time of the trial of the alleged newly discovered evidence in support of his claim that he was not present at the time the crimes of which he was convicted were committed.

■ Third: *Did the trial court commit prejudicial error in refusing to allow defendant to interrogate a prosecution witness relative to prior offenses committed by her, and as to her probation record?*

*No.* Section 2051 of the Code of Civil Procedure reads: "A witness may be impeached by the party against whom he was called, by contradictory evidence or by evidence that his general reputation for truth, honesty, or integrity is bad, *but not by evidence of particular wrongful acts,* except that it may be shown by the examination of the witness, or the record of the judgment, that he had been convicted of a felony unless he has previously received a full and unconditional pardon, based upon a certificate of rehabilitation." (Italics added.)

In the absence of an offer of proof that the witness, Mrs. Tilden, had been convicted of a felony, proof of particular acts of misconduct of the witness was inadmissible under the rule announced in the italicized portion of the above quoted code section. The rulings of the trial court in sustaining objections to questions asked the witness by defendant concerning prior "trouble" and her probation record were correct.

An examination of the record discloses defendant was afforded a fair and impartial trial and given his constitutional rights. He was convicted after substantial evidence had been introduced to support each count in the information.

The judgment and order are and each is affirmed.

Moore, P. J., and Fox, J., concurred.

A petition for a rehearing was denied April 7, 1952, and appellant's petition for a hearing by the Supreme Court was denied April 24, 1952.