[Crim. No. 2403.   Third Dist.   Sept. 23, 1953.]

THE PEOPLE, Respondent, v. FRANK MARCUS, Appellant.

Joseph G. Babich for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—This is an appeal by defendant from a judgment of conviction entered pursuant to the verdict of the jury finding him guilty of violation of section 4502 of the Penal Code in that on the date specified, while a prisoner at Folsom State Prison, he had in his possession a knife, contrary to the provisions of said statute. His motion for a new trial was denied and he now appeals from that order as well as the judgment.

His sole contention on appeal is that the verdict is contrary to the law and the evidence for the reason that by his acknowledged possession of the knife he was seeking to accomplish the very object and purpose of said code section. In this he relies upon statements taken from context such as ''The statute was passed to protect the guards and other inmates of the prison'' (*People* v. *Scherbing*, 93 Cal.App.2d 736, 742 [209 P.2d 796]), and that the section was passed ''to protect inmates and

officers of state prisons from the peril of assaults with dangerous weapons perpetrated by armed prisoners'' (*People* v. *Wells,* 68 Cal.App.2d 476 [156 P.2d 979]). See, also, *People* v. *Harris,* 98 Cal.App.2d 662, 666 [220 P.2d 812].

His testimony in explanation of his possession of the knife was simply that he had received it from one Henderson in order to prevent serious trouble between Henderson and one Joe Perez and that pursuant to his urging Henderson surrendered the knife to him.

In view of what this court said in *People* v. *Wells,* 68 Cal. App.2d 476 [156 P.2d 979], it would seem unnecessary for us to discuss at length the argument made by defendant concerning his good intentions in arming himself with a knife. In discussing the code section in question we said at page 481:

''That section of the code absolutely prohibits all prisoners in any state prison, without qualification, from possessing or carrying on their persons certain designated deadly weapons. The intention with which the weapon is carried on the person is not made an element of the offense. Proof of the possession of the prohibited weapon infers that it is carried in violation of the statute.'' (Citing cases.)

Furthermore, we said at page 482: ''. . . intent is not made a necessary element [and] it is not essential to prove affirmatively the purpose for which the act is performed. Section 4502 of the Penal Code is unqualified in its prohibition against prisoners of a state prison having in their possession or on their persons the weapons enumerated therein. We are convinced that the intent or purpose with which a prisoner arms himself with a prohibited weapon is not a necessary element under that statute.'' (See, also, *People* v. *Crenshaw,* 74 Cal. App.2d 26 [167 P.2d 781].)

The judgment of conviction and the order denying the motion for a new trial are affirmed.

Van Dyke, P. J., concurred.