[Crim. No. 14974. Third Dist. Nov. 26, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
STEPHEN MICHAEL McKINNEY, Defendant and Appellant.

**COUNSEL**

Bruce Hudson Towne, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Roger E. Venturi and Alison Aleman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PUGLIA, P. J.**—Defendant appeals from a judgment of conviction after a jury found him guilty of assault with a deadly weapon by a prisoner serving a sentence less than life (Pen. Code, § 4501). He contends the trial court erred by excluding testimony regarding duress. We shall affirm the judgment.

Defendant, incarcerated in the California Correctional Facility in Susanville, struck fellow inmate Gerald Bean on the back of the head with a ball-peen hammer. At the time of the incident both inmates were students in a metal shop class. Defendant struck Bean from behind while Bean was receiving individual instruction from the shop teacher at a worktable.

During trial, the prosecutor moved for an order to exclude any testimony regarding a defense of duress. In opposition to the motion, defendant offered to prove: (1) Bean had previously threatened him with a ball-peen hammer and later attacked him, (2) other inmates threatened to kill defendant if he failed to "settle the problem with" Bean or if he sought protective custody, (3) defendant had been warned that Bean planned to attack him with a "shank" concealed in the metal shop, and (4) defendant reported to prison authorities that Bean attacked him, but the authorities failed to do anything about it. The trial court refused to let defendant put on the duress defense because defendant did not offer to show that he had sought protective custody or reported to prison authorities the threats by other inmates or the rumor of the concealed shank.

Defendant contends that the trial court erred by disallowing his defense of "duress." Defendant's offer of proof raised two distinct defenses: the

statutory defense of duress and the common law defense of necessity. We shall conclude that defendant's offer failed to establish either defense.

### Necessity Defense

Insofar as defendant offered to prove that he assaulted Bean in response to Bean's threats and the rumor of a hidden shank, defendant attempted to present a necessity defense. ■ "[T]he defense of necessity, or choice of evils, traditionally covered the situation where physical forces beyond the actor's control rendered illegal conduct the lesser of two evils." (*United States* v. *Bailey* (1980) 444 U.S. 394, 410 [62 L.Ed.2d 575, 590, 100 S.Ct. 624].) Although necessity is not recognized in this state by statute (*In re Weller* (1985) 164 Cal.App.3d 44, 46 [210 Cal.Rptr. 130]), it was judicially sanctioned as a defense to a charge of nonviolent escape in *People* v. *Lovercamp* (1974) 43 Cal.App.3d 823 [118 Cal.Rptr. 110, 69 A.L.R.3d 668]. *Lovercamp* established a five-part test for the necessity defense to a charge of escape. One element of the test is that "There is no time for a complaint to the authorities or there exists a history of futile complaints which make any result from such complaints illusory; . . . ." (*People* v. *Lovercamp, supra,* 43 Cal.App.3d at p. 831.) ■ While making his offer of proof, defense counsel conceded he could not show that defendant reported Bean's most recent threats against defendant or the rumor regarding the shank, or that defendant sought protective custody in response to the threats. Defendant could prove only that he reported the initial threat and attack by Bean. Nor did defendant offer to prove that he lacked time to complain to authorities. Because defendant's offer of proof failed to establish a "history of futile complaints which make any result from such complaints illusory" (*ibid.*), the trial court granted the prosecution's motion for an order excluding evidence of the necessity defense.

An attempt to apply *Lovercamp* to a potentially violent in-prison offense was rebuffed in *People* v. *Velasquez* (1984) 158 Cal.App.3d 418 [204 Cal.Rptr. 640]. The defendant, charged with possession of a knife in jail (Pen. Code, § 4574), sought to invoke the defense of necessity. The *Velasquez* court stated: ". . . the necessity defense created in the *Lovercamp* case is based on public policy, the same policy involved in so-called 'choice of evil' statutes adopted in some jurisdictions, although not in the California Penal Code. (Berry, *The mysterious defense of necessity* (1979) 54 State Bar J. 384, 385-386.) In *Lovercamp,* the lesser evil which the court was willing to tolerate was a nonviolent escape after which the prisoner would immediately report to the proper authorities. (*People* v. *Lovercamp, supra,* 43 Cal.App.3d at p. 832.) ■ In this case the evil which appellant wishes the court to tolerate is possession of a deadly weapon by a prisoner. A jail in which the prisoners could assert a court approved 'right' to possess deadly

weapons for protection would be impossible to administer humanely and safely. The very existence of the weapons inevitably invites their use on other inmates and correctional officers. That is why our statutes prohibiting such possession by prisoners have always been construed to be absolute, and to permit no defense based on a claim of protection against future attack. (*People* v. *Wells, supra,* 68 Cal.App.2d at p. 481 [156 P.2d 979]; *People* v. *Wells, supra,* 261 Cal.App.2d at pp. 478-479 [68 Cal.Rptr. 400]; *People* v. *Rodriquez, supra,* 50 Cal.App.3d at p. 395 [123 Cal.Rptr. 185].) Nothing in *Lovercamp* supports abandoning this necessary and well established rule." (P. 422, fn. omitted.)

■ We share the view of the *Velasquez* court that the defense of necessity is inappropriate where it would encourage rather than deter violence. Violence justified in the name of preempting some future, necessarily speculative threat to life is the greater, not the lesser evil, particularly in the highly volatile environment of a prison institution. Accordingly, we hold the defense of necessity is unavailable to a prisoner, such as defendant here, who is charged with assault.

### *Duress Defense*

Insofar as defendant offered to prove that he assaulted Bean in response to threats by other inmates that he would be killed if he did not, defendant attempted to present a duress defense. Unlike necessity, the defense of duress is recognized by statute. Penal Code section 26 provides, in relevant part: "All persons are capable of committing crimes except those belonging to the following classes: . . . Six—Persons (unless the crime be punishable with death) who committed the act or made the omission charged under threats or menaces sufficient to show that they had reasonable cause to and did believe their lives would be endangered if they refused."

■ The courts have long recognized that duress is only an effective defense when the actor responds to an immediate danger; "a fear of *future* harm to one's life does not relieve one of responsibility for the crimes he commits." (*People* v. *Lewis* (1963) 222 Cal.App.2d 136, 141; *People* v. *Otis* (1959) 174 Cal.App.2d 119, 125.) Here, again, defendant's offer of proof failed to show that defendant struck Bean because of his fear of imminent harm. The facts are quite to the contrary. Although defendant offered to prove that Bean had a shank hidden in the metal shop classroom, defendant struck Bean from behind while Bean was busy receiving individual instruction. Bean was not in a position to threaten defendant at the time. The other inmates who had threatened defendant were not present in the shop class at the time. In short, defendant's offer of proof established at

most a threat of future harm if he failed to confront Bean. Thus, the trial court did not err in excluding the offered evidence.

The judgment is affirmed.

Blease, J., and Sims, J., concurred.