[Crim. No. 6425.   Second Dist., Div. Three.   Feb. 20, 1959.]

THE PEOPLE, Respondent, v. PATRICK JOSEPH CLARENCE CALVIN O'WARD, Appellant.

Al Matthews for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

VALLÉE, J.—A jury found defendant guilty of having committed a lewd and lascivious act upon the body of a female child of the age of 13 years on October 23, 1957. His only point is that he did not intentionally waive his right to the aid of counsel.

The information in count I charged a violation of Penal Code, section 288a; and in count II, a violation of Penal Code, section 288. The information also charged three prior felony convictions: in 1939, violation of the Mann Act in Oklahoma; in 1943, violation of section 11160 of the Health and Safety Code of California; and in 1950, burglary in Texas.

On November 18, 1957, the public defender was appointed counsel for defendant and he was arraigned. On November 22, the public defender being present, Dr. McGinnis, a psychiatrist, was appointed under section 1871 of the Code of Civil Procedure to examine defendant and report to the court as to his present and past mental condition. The record does not disclose what prompted the court to appoint the psychiatrist. Dr. McGinnis' report, made November 29, was to the effect that "defendant is legally sane at the present time" and "the examiner is of the present opinion that the defend-

ant is not delusional and that the defendant is capable of participating in his own defense in the presently approaching hearing.''

On December 4, the public defender being present, defendant pleaded not guilty to both counts, denied the prior convictions, and the cause was set for trial on January 15, 1958. On January 15 the public defender was relieved as counsel for defendant, and because of the congested condition of the calendar the trial was continued to January 16. The record does not disclose why or at whose request the public defender was relieved.

On January 16 defendant appeared in propria persona, the cause was called for trial, defendant admitted the prior convictions, a jury was impaneled, the information was read, and the plea stated to the jury. On motion of defendant, the court declared a mistrial. The record does not disclose the ground on which the motion was granted or at what stage of the proceedings it was made. The trial was continued to January 17. On January 17, defendant again appearing in propria persona, a jury was impaneled, the information was read, the plea was stated to the jury, and the trial proceeded. At the conclusion of the evidence, on motion of the People count I was dismissed. The jury returned a verdict of guilty as to count II.

After sexual psychopathy proceedings and the commitment of defendant to Atascadero for about 90 days, defendant was found not to be a sexual psychopath, his motion for new trial was denied, and he was sentenced to state prison. He appeals from the judgment and the order denying his motion for new trial.

Defendant premises his argument for reversal on the fact that the record does not show that he waived his right to representation by counsel. There is nothing in the record to show that defendant did not waive his right.

■ In criminal prosecutions the accused has the right to appear and defend in person and with counsel. (Const., art. I, § 13; Pen. Code, § 686.) ''If the defendant appears for arraignment without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desires the aid of counsel. If he desires and is unable to employ counsel, the court must assign counsel to defend him.'' (Pen. Code, § 987.)

■ There is nothing in the law which prevents a defendant from defending himself. (*People* v. *Ballentine*, 39 Cal.2d 193, 196 [246 P.2d 35].) ■ While the right of a defendant

to counsel is protected, it is a right which may be waived. (*In re Berry,* 43 Cal.2d 838, 846 [279 P.2d 18].) Before there can be an effective waiver, the defendant must have an intelligent understanding of his act. (*People* v. *Chesser,* 29 Cal.2d 815, 821 [178 P.2d 761, 170 A.L.R. 246].) ██ The determination of whether there has been an intelligent waiver of counsel involves a consideration of the nature of the charge, the facts and circumstances of the case, and the background, experience, mental competence and conduct of the accused. (*In re Connor,* 16 Cal.2d 701, 710 [108 P.2d 10] ; *People* v. *Chesser, supra,* 29 Cal.2d 815, 822.) ██ Whether a waiver in a particular case meets the standard is largely a matter for the determination of the trial judge, and his decision will not be disturbed on review in the absence of an abuse of discretion. (*People* v. *Loignon,* 160 Cal.App.2d 412, 418 [325 P.2d 541].) ██ A waiver of the right to counsel may be implied. (*In re Jingles,* 27 Cal.2d 496, 499 [165 P.2d 12] ; *People* v. *Gonzales,* 151 Cal.App.2d 112, 116 [311 P.2d 53].) ██ "The right to the assistance of counsel guaranteed by the constitutional and statutory provisions, like any other legal right, may be invoked only in the course of orderly procedure." (*In re Connor, supra,* 16 Cal.2d 701, 709.)

██ Speaking for the court in *People* v. *Crooker,* 47 Cal.2d 348 [303 P.2d 753], affd. *Crooker* v. *California,* 357 U.S. 433 [78 S.Ct. 1287, 2 L.Ed.2d 1448], Mr. Justice McComb stated (p. 353) :

"The due process clause of the fourteenth amendment of the federal Constitution and article I, section 13, of the California Constitution guarantee a defendant the right to be represented by counsel in every stage of the proceedings, and deprivation of this guarantee may be a violation of the due process clause of the fourteenth amendment. To constitute deprivation of due process, however, the denial of the right of the accused to be represented by counsel in every stage of the proceedings must have so fatally infected the regularity of his trial and conviction as to violate the fundamental aspects of fairness and result in a miscarriage of justice. (*Lisenba* v. *California,* 314 U.S. 219, 236 [62 S.Ct. 280, 86 L.Ed. 166] ; *cf. Stroble* v. *California,* 343 U.S. 181 at 197 [72 S.Ct. 599, 96 L.Ed. 872].)

██ "The burden of showing unfairness and a miscarriage of justice by the denial of defendant's right to counsel in some stage in a proceeding against him rests upon the defendant. (*Stroble* v. *California, supra,* at p. 198.) "

*People* v. *O'Neill,* 78 Cal.App.2d 888 [179 P.2d 10], was a prosecution for robbery with prior convictions. On arraignment the public defender was appointed to represent the defendant. Later, with his counsel present, the defendant pleaded not guilty and denied the prior convictions. Several days before the day set for trial, pursuant to defendant's personal request made in open court, the public defender was relieved from further service as his counsel; and thereafter he appeared in propria persona. ■ The court stated (p. 891):

"When the public defender is appointed to represent a defendant in a criminal case, he is the attorney for the accused for all purposes of the action to the same extent as an attorney regularly retained and employed by a defendant. (*In re Hough,* 24 Cal.2d 522, 529 [150 P.2d 448].) ■ A defendant cannot urge as a ground for reversal that the trial court failed to appoint suitable counsel to represent him where prior to the trial he appeared before the court and without apparent good reason terminated the services of the public defender who had been acting as his counsel and when the case was called for trial stated that he was ready to proceed. (*People* v. *Cortze,* 108 Cal.App. 111, 112 [290 P. 1083].)"

■ There is no showing of a violation of defendant's right to counsel. On the contrary, the record indicates a voluntary and intelligent waiver of the right to the aid of counsel by one who chose to represent himself rather than rely on the services of the public defender. It appears from the record of the proceedings, and defendant does not claim otherwise, that he at no time during his appearances in court after the public defender was relieved or during the trial of the case made any complaint there with respect to being deprived of the aid of counsel. The record clearly shows that defendant was fully aware of the nature of the proceedings, that he at all times had an intelligent conception of the consequences of proceeding in propria persona, and that he did so voluntarily. After the public defender was appointed and he was arraigned, he appeared in court three times with the public defender acting as his counsel. The public defender was relieved on the day the cause was to be tried. So far as appears, he could have proceeded with the aid of the public defender. The public defender was relieved for reasons which are not apparent. Defendant has not seen fit to make the oral proceedings which took place at the time the public defender was relieved a part of the record on appeal. We must presume

that the record includes all matters material to a determination of the points on appeal. (Rules on Appeal, rule 52.) We must assume it was at the request or with the consent of defendant for on the next day the trial proceeded with defendant acting as his own counsel. Penal Code, section 987, says that if the defendant desires and is unable to employ counsel, the court must assign counsel to defend him. It is presumed the court performed its duty in this respect. (*People* v. *Justice*, 125 Cal.App.2d 572, 574 [270 P.2d 859].)

The record shows that defendant fully understood the charges against him and his available defenses. Due, no doubt, to his previous encounters with the law, he was familiar with legal procedure in criminal cases. When the cause was called for trial the first time on January 16, 1958, defendant appeared in propria persona; he admitted the previous convictions; a jury was impaneled; on his motion the court declared a mistrial; the jury was discharged; and the trial was continued to the next day, January 17. When the cause was called for trial on January 17 defendant was asked: "THE COURT: Are you ready, Mr. O'Ward?" Defendant answered, "Yes, sir." He made no request for the appointment of an attorney or for a continuance to obtain one, and proceeded with the impanelment of a jury. Defendant cross-examined the witnesses of the prosecution intelligently, searchingly, and extensively. He bowed to the court's rulings with exceeding good grace. He called and examined three witnesses in his own behalf. He entered into a stipulation with the district attorney with respect to the testimony a fourth witness would give in his behalf if called. He did not take the stand because, as he stated to the court out of the presence of the jury, if he did the prosecutor could bring out his prior convictions. He argued his cause to the jury.

On the record the only permissible conclusion is that defendant did not choose to avail himself of his right to counsel after the public defender was relieved; he was not denied the aid of counsel.

Defendant asserts that without counsel he was prejudiced because: the information containing two counts was read to the jury and at the conclusion of the evidence count I was dismissed; he was forced to trial one day after the mistrial; evidence that his former wife was attempting a "frame-up" might have been introduced in such a manner as to result in his acquittal; the record does not show that he was made aware of the charges against him, the elements of the offenses,

the pleas and defenses that may have been available, or the punishment which might be imposed. We find no merit in these contentions.

■ During the trial the jury was admonished and re-admonished not to form any opinion on the case until it was finally submitted to them. The jury is presumed to have followed the court's admonitions, performed their duty in accordance with them, and to have given no consideration to the fact that the information originally contained two counts. (*People* v. *Sutic*, 41 Cal.2d 483, 494 [261 P.2d 241].)

■ There is no showing that defendant was forced to trial the day after the mistrial was declared. Error will not be presumed on appeal. (*People* v. *Farrara*, 46 Cal.2d 265, 268-269 [294 P.2d 21].) It is presumed that the trial proceeded with defendant's consent and not against his wishes. (*People* v. *Justice*, *supra*, 125 Cal.App.2d 572, 574.) Furthermore, when the cause was called the day after the mistrial, defendant answered that he was ready. ■ The record reflects that defendant's claim that his former wife was attempting a frame-up was fully explored in defendant's cross-examination of the People's witnesses, in his examination of his own witnesses, in the stipulation as to the testimony of the absent witness; and he chose not to testify. There is no indication that any more evidence was available except that of defendant himself. As we have said, the record shows without question that defendant was aware of the nature of the charges against him, the elements of the offenses, and the pleas and defenses which were available to him. Defendant concedes the evidence supports the verdict. We are satisfied there was no miscarriage of justice.

The judgment and the order denying a new trial are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied March 18, 1959, and appellant's petition for a hearing by the Supreme Court was denied April 15, 1959.