[Crim. No. 1452. Fourth Dist. Nov. 10, 1960.]

THE PEOPLE, Respondent, v. WILLIAM GEORGE JACKSON, Appellant.

Georg Geiger, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

COUGHLIN, J.—The defendant, appellant herein, shot and killed his mother-in-law; shot his wife; was tried by a jury for and convicted of the offenses of murder in the first degree and assault with a deadly weapon with intent to commit murder, after the return of an indictment charging him with these offenses; made a motion for a new trial, which was denied; and, by a judgment, following a further jury verdict fixing the murder penalty at life imprisonment, was sentenced to imprisonment in the state prison. From the judgment, sentence and order denying his motion for a new trial he appeals.

An appeal does not lie from a sentence (*People* v. *Millum*, 42 Cal.2d 524, 525 [267 P.2d 1039]), and the attempted appeal therefrom should be dismissed.

In appellant's opening brief herein it is stated: "There can be no doubt that the evidence overwhelmingly shows defendant to be a murderer." We have reviewed the record and are in complete agreement with this conclusion. The evidence leaves no doubt respecting its sufficiency to sustain the conviction of murder in the first degree and assault with a deadly weapon with intent to commit murder. Nevertheless, it is contended that the judgment should be reversed because the defendant was not accorded a fair trial and was denied due process of law.

No useful purpose would be served in relating the evidence respecting the events which preceded and resulted in the murder and assault under consideration. The defendant is an indigent person. When arraigned on the indictment he was represented by a court-appointed attorney; refused to enter a plea; and a plea of not guilty was entered on his behalf. Thereafter, when arraigned on a supplement to the indictment alleging the prior convictions, he refused to admit or deny these allegations, and a denial thereof was entered on his behalf. At this time his court-appointed attorney advised the court that the defendant would not cooperate with him, and asked to be relieved of his assignment. This request was granted and the court appointed John A. Brady, an attorney at law, to represent the defendant. On the morning of the trial, in a session outside the presence of the jury, the defendant told the trial judge that he had "filed a document" the contents of which he described as follows: "The document is to ask you to step down off the case and also the lawyer you appointed, I mean, because I would rather not proceed with this attorney." From the discourse which followed it appears that the defendant had directed his attorney to undertake proceedings pursuant to the "recent statute" which would disqualify the judge. Undoubtedly he was referring to section 170.6 of the Code of Civil Procedure. The attorney did not believe that such a move was for the defendant's best interests and refused to follow his directions. The defendant did not request his attorney to determine whether the judge was disqualified to try his case; did not mention any reason for such disqualification; never suggested any of the grounds listed in section 170 of the Code of Civil Procedure as a cause for disqualification; and it may not be assumed that any such grounds existed. The trial judge advised the defendant that he had not received the written request prepared and mailed by him, and that when such request was received it would be

stricken from the files because the defendant was required to act through his attorney and also because the request was not made within the time required by law. The judge said to the defendant:

"You have a lawyer of record; you can only appear through a lawyer; you can't have a lawyer and then represent yourself," and the defendant replied: "I understand that." Thereupon the court discussed the time-element problem. Section 170.6 of the Code of Civil Procedure provides that no judge of any superior court shall try any criminal action when it is established, as therein provided, that the judge is prejudiced against the defendant; that the defendant or his attorney may establish such prejudice by an oral or written motion supported by affidavit that the judge is prejudiced against the defendant and that he believes he cannot have a fair and impartial trial before such judge; and that the motion should be made at least five days before the trial date, if the judge assigned to the case is known at least 10 days before that date. The instant case, pursuant to a formula previously prescribed by court order, had been assigned for trial before the judge in question commencing with the date of arraignment. On October 2, 1959, the case was set for trial for November 2, 1959. Any motion for disqualification pursuant to statute should have been filed at least five days prior to trial. The defendant told the court that he had asked his attorney to take the necessary proceedings to effect disqualification before the five-day period but that his attorney refused to do so. The attorney reiterated his position that he did not believe that it would be to the best interest of the defendant to disqualify the judge to which the case had been assigned because, in his judgment, it would be better to try the defendant's case before that judge rather than in other departments to which it might be assigned. For this reason, he refused to make the requested motion and stated that he told the defendant that if he wanted to challenge the judge he would have to do it himself, i.e., in propria persona. Thereupon, the attorney moved to be relieved of his assignment, and for a continuance to permit the defendant to obtain other counsel. The court denied this motion; told the defendant that he was represented by Mr. Brady; that he was not to make any outbursts in court; that if there was anything he wished his counsel to do he should "whisper to him and he will present it if he feels it is to your interest and it is proper"; and ordered the trial to commence.

The aforementioned discourse also developed that the attor-

ney had undertaken discovery proceedings on behalf of the defendant; that the defendant refused to cooperate in obtaining the information which the attorney was attempting to obtain thereby and would not sign a declaration foundational to such proceedings; but the court determined that the district attorney voluntarily had cooperated with the attorney for the defendant, by revealing the information requested, and declined to participate in any further discussion of the matter.

From the record it appears that thereafter the defendant told Mr. Brady that he approved of the manner in which his defense was being conducted, except for the matter respecting the disqualification proceedings; and, after the discussion heretofore noted, but prior to the selection of the jury, requested Mr. Brady to continue to represent him. It also appears from the record that Mr. Brady ably represented the defendant; protected his interests in every lawful manner; and ardently advocated his cause. During the course of the proceedings incident to pronouncement of judgment, the court commended Mr. Brady for the able manner in which he had conducted the defendant's case, and voiced the belief that if it had not been for his ardent advocacy the defendant might have received the death penalty.

The defendant claims that his trial was unfair because he was not given the opportunity to exercise his right to disqualify the trial judge; that he was deprived of this opportunity because he was indigent; that his poverty compelled him to accept the services of a court-appointed attorney who was not required to follow his request to institute disqualification proceedings against the trial judge, whereas, if he had been financially able to do so he could have employed an attorney who would have been willing to follow his directions and would have undertaken such proceedings; and that these circumstances constitute a deprivation of due process of law.

A formidable obstacle to the defendant's contention lies in the decision of the Supreme Court of this state in *People* v. *Mattson,* 51 Cal.2d 777, 796 [336 P.2d 937], where it said:

"We recognize that in the California courts, . . . a defendant who insists upon representing himself and who can employ an attorney may secure a quantum or type of legal assistance greater than or different from that which must be accorded a defendant who is unable to employ an attorney and who insists upon representing himself, for a defendant who can find private counsel willing to accept employment

in 'an inferior position in the defense' *must* be allowed out-of-court consultation with such attorney. (See Pen. Code, § 825.) But the only reason the indigent does not have out-of-court consultation with an attorney is because he refuses to accept appointment of an attorney to represent him; i.e., to act within the traditional and statutory status of his office. This difference between the right to the aid of counsel of defendant's choice and the right to have counsel provided is not a denial of due process or equal protection." (*People v. Mattson, supra,* 51 Cal.2d 777, 796 [336 P.2d 937].)

In the case at bar certain factual conclusions are readily apparent. At all times the defendant was represented by an able attorney. At no time did he ask to represent himself, i.e., to act in propria persona. Upon refusal of Mr. Brady to institute disqualification proceedings, the defendant did not immediately commence the same on his own behalf, ask to represent himself, or request the court to appoint another attorney. Instead, he took no action until shortly before the trial. The document prepared by the defendant asking the judge and the attorney "to step down off the case" had been mailed for filing before, but had not been received or filed at the time his case was called for trial. He made such a request orally after the case had been called. The disqualification proceedings which the defendant had in mind were those provided by the "recent statute," i.e., section 170.6 of the Code of Civil Procedure which, under the circumstances of this case, required the motion therein provided for to be made at least five days before trial. When the attorney was requested to file such a motion it could have been made within the time prescribed. The defendant's motion, either written or oral, was not made within the time prescribed. The defendant never advanced any reason for his wish to disqualify the judge; never suggested that the judge would be unfair or unfit to try his case; and never stated any grounds that might be a basis for disqualification. After the defendant asked that his court-appointed attorney step down and after this attorney asked to be relieved of his assignment, both of which requests were made on the day of trial and were denied, the defendant asked the attorney to continue to represent him. No complaint is made about the services of the attorney after the trial commenced. The only complaint advanced is that the attorney refused to accede to defendant's request to institute disqualification proceedings against the judge who tried the case.

A consideration of the legal relationship between an indigent defendant and his court-appointed attorney is pertinent to the decision at hand. ██ By constitutional provision and statute an accused is guaranteed the right to be represented by counsel or to represent himself. (*People* v. *Mattson, supra,* 51 Cal.2d 777, 788 [336 P.2d 937].) However, this guarantee does not afford him the right to have his case presented in court "*both by himself and by counsel* acting at the same time or alternating at" his pleasure. (*People* v. *Mattson, supra,* 51 Cal.2d 777, 789 [336 P.2d 937]; *People* v. *Northcott,* 209 Cal. 639, 648 [289 P. 634, 70 A.L.R. 806].) As a consequence, while represented by counsel "he has no right to be heard by himself" and must abide his attorney's judgment in the premises. (*People* v. *Mattson, supra,* 51 Cal.2d 777, 789 [336 P.2d 937].) ██ The law does not "require that an intelligent, competent defendant who obdurately insists upon controlling and conducting his own defense should be entitled as a matter of right to the services of counsel to act under defendant's control." (*People* v. *Mattson, supra,* 51 Cal.2d 777, 793 [336 P.2d 937].) ██ The attorney is not required to accede to his client's wishes in a matter which experience, sound judgment, law or ethics direct are not consistent with his client's best interests. If the client does not wish to accept his attorney's judgment and abide by his advice, the alternative is for him to discharge his attorney and obtain another, or represent himself. (*People* v. *Mattson, supra,* 51 Cal.2d 777, 794 [336 P.2d 937].) ██ Where the attorney is court-appointed the exercise of this alternative requires court action. The defendant must accept the attorney selected for him by the court in the exercise of a sound legal discretion; is not entitled to an attorney of his own choosing (*People* v. *Chessman,* 52 Cal.2d 467, 491 [341 P.2d 679]; *People* v. *Manchetti,* 29 Cal.2d 452, 458 [175 P.2d 533]; *People* v. *DeLosa,* 184 Cal.App.2d 681, 684 [7 Cal.Rptr. 753]); in the absence of compelling reason, may not require the court to appoint another attorney for him; and is not entitled to a routine change of attorneys until he obtains one who is willing to subject his professional judgment to the judgment of his client, or who, perchance, is of the same opinion as the defendant with respect to matters of trial advantage, ethics or law. ██ If the court does not believe that an indigent defendant is entitled to a change of attorneys, he must proceed with the attorney assigned to him, or waive his right to counsel and represent himself. Even

**316**

the alternative is subject to court supervision, and before permission to do so is granted the court is duty bound to determine whether the defendant is making an intelligent and competent waiver. (*People* v. *Mattson, supra,* 51 Cal.2d 777, 794 [336 P.2d 937]; *People* v. *Chesser,* 29 Cal.2d 815, 821 [178 P.2d 761, 170 A.L.R. 246]; *Johnson* v. *Zerbst,* 304 U.S. 458, 465 [58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357].)

These requirements do not violate the defendant's constitutionally guaranteed right to the aid of counsel; nor do they deprive him of due process of law. They are invoked to insure a fair trial to both the defendant and the state; to safeguard a defendant against his own incompetence; to effect that administration of the law which must recognize not only the rights of the defendant but also his obligations to society, as well as the rights of society and its obligations to the defendant; to afford the defendant the benefit of every legal right and concurrently preserve to the court that virility essential to the discharge of its obligation to "safeguard and promote the orderly and expeditious conduct of its business" (*People* v. *Mattson, supra,* 51 Cal.2d 777, 792 [336 P.2d 937]) which is a law-imposed duty for the protection of both the defendant and society; to furnish an accused with legal counsel within the framework of the law and practical limitations; and to extend fair consideration to the court-appointed attorney as well as to the defendant he is assigned to represent.

The fact that a defendant by the use of money, persuasion or promises, may obtain the services of an attorney who would do his bidding, whereas a defendant without these attributes must accept the judgment of an attorney who disagrees with him, does not render the trial in which he is engaged unfair or deprive him of due process of law.

The defendant in the case at bar, in substance, was demanding that Mr. Brady merely act as his procedural advisor and "mouthpiece." He had no absolute right to the services of an attorney in such a capacity. (*People* v. *Mattson, supra,* 51 Cal.2d 777, 793, 795 [336 P.2d 937].) An ethical attorney never would act as a blind "mouthpiece" for his client. The constitutional guarantee of due process of law does not assure him fulfillment of such a demand. The alternative was for him to represent himself. This he did not seek to do, except for a limited purpose and, as heretofore noted, he was not entitled to be represented by an attorney for one purpose or at one moment during the course

of his trial, and to act as his own attorney for another purpose or during another moment of the trial. (*People* v. *Mattson, supra,* 51 Cal.2d 777, 789 [336 P.2d 937]; *In re Connor,* 16 Cal.2d 701, 709 [108 P.2d 10]; *People* v. *Northcott, supra,* 209 Cal. 639, 648 [289 P. 634, 70 A.L.R. 806]; *People* v. *Mims,* 160 Cal.App.2d 589, 595 [325 P.2d 234]; *People* v. *McKinney,* 152 Cal.App.2d 332, 336 [313 P.2d 163]; *People* v. *Glenn,* 96 Cal.App.2d 859, 868 [216 P.2d 457]; *Dennis* v. *United States,* 341 U.S. 494 [71 S.Ct. 857, 75 L.Ed. 1137]; *Egan* v. *Teets,* 251 F.2d 571, 579.)

Although a court, in the exercise of a sound legal discretion, under some circumstances, may permit a dual representation by the defendant and his attorney (*People* v. *Mattson, supra,* 51 Cal.2d 777, 797 [336 P.2d 937]), there is no showing in this case which required the exercise of that discretionary authority. Assuming the matter to be discretionary, if the defendant wished to represent himself for the purpose of preparing a motion to disqualify the trial judge, he should have acted within the time provided by law for the presentation of such a motion. A defendant who represents himself ''assumes for all purposes connected with his case, and must be prepared to be treated as having, the qualifications and responsibilities concomitant with the role he has undertaken; he is not entitled either to privileges and indulgences not accorded attorneys or to privileges and indulgences not accorded defendants who are represented by counsel.'' (*People* v. *Mattson, supra,* 51 Cal.2d 777, 794 [336 P.2d 937]; *People* v. *Chessman,* 38 Cal.2d 166, 174 [238 P.2d 1001].) The decision of the judge to proceed with the trial over defendant's objection was based on two grounds, i.e., (1) that the defendant should act through his court-appointed attorney, and (2) that the motion to effect disqualification was not presented within the time prescribed by law. Either basis constituted a valid legal ground for dismissing the attempted disqualification proceeding.

The defendant was not deprived of the opportunity to exercise his right to disqualify the trial judge. Such a right is not absolute and unlimited. Inherent in its exercise is the requirement of conformance to certain reasonable procedures invoked for the benefit of the defendant and all other litigants. As applied to the case at bar, these procedures required the defendant to act exclusively through his attorney, while he was represented by an attorney, and if he was dissatisfied with the representation thus offered him, to act on his own behalf;

and further required the defendant, either personally or through his attorney, to act within the time prescribed by the statute which conferred the right. There is no unfairness in these requirements.

No contention is made that the defendant was prejudiced by denial of his motion to require his attorney to ''step down,'' even if it is assumed that he thereby requested the court to permit self-representation. He asked Mr. Brady to continue to represent him. No complaint is made with respect to the quality of the services rendered during the trial, and it is apparent from the record that he did not wish to represent himself in the course thereof. He was not prejudiced by the order directing Mr. Brady to continue as his attorney. (*People* v. *Mayfield,* 85 Cal.App. 77, 78 [259 P. 75]; *People* v. *Marcus,* 133 Cal.App.2d 579, 583 [284 P.2d 848].)

The attempted appeal from the sentence is dismissed. The judgment and the order denying the motion for new trial are affirmed.

Griffin, P. J., and Shepard, J., concurred.