[Crim. No. 7639.   Second Dist., Div. Two.   Aug. 22, 1961.]

THE PEOPLE, Respondent, v. SALVADOR ORTIZ, Appellant.

Salvador Ortiz, in pro. per., for Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and C. Michael Gianola, Deputy Attorney General, for Respondent.

HERNDON, J.—In a trial before the court without a jury, appellant was convicted and sentenced to state prison for a sale of heroin in violation of section 11501 of the Health and Safety Code. At the conclusion of the trial, he admitted a prior conviction of a violation of section 11500 of the Health and Safety Code.

Appellant does not question the sufficiency of the evidence to sustain the judgment. His only contentions are that he was deprived of his constitutional rights to be represented by coun-

sel and to have witnesses produced in his behalf and that he was thereby denied due process of law.

It appears from the record that prior to appellant's arraignment, the public defender was regularly appointed to represent him. On November 18, 1960, he appeared before the court with the public defender as his counsel and was duly arraigned. He appeared with his said counsel on November 23, 1960, and entered a plea of not guilty. The case was set for trial on January 16, 1961, in department 112 of the court. On January 16, 1961, appellant appeared in the designated department with the deputy public defender as his counsel. In the record on appeal as originally filed, the proceedings on this date were reflected only by a minute order which, among other things, recited that the public defender was relieved as appellant's counsel and that he was substituted in propria persona.

In view of appellant's complaint that the record on appeal was incomplete and did not show the circumstances under which the public defender was relieved as his counsel, this court, on its own motion, ordered that a supplemental reporter's transcript containing the proceedings in the case on January 16, 1961, in department 112 be prepared, certified and transmitted to this court.

The record as thus augmented clearly and conclusively shows that the trial court relieved the public defender and substituted appellant in propria persona at his insistence. When asked why he did not wish to have the public defender represent him, he said, "Well, I feel he is quite busy and hasn't got enough time to take care of my case." He gave no other reason.

When appellant then indicated that he would move to have private counsel appointed, the court advised him that he had given no sufficient reason for discharging the public defender and that the court would not appoint another attorney to represent him at taxpayers' expense. Appellant stated that if another attorney were not appointed, he wished to represent himself.

The trial court took great pains to inform appellant of the seriousness of the charge with which he was confronted and the dangers with which declination of counsel was fraught. The trial judge strenuously urged upon appellant the court's feeling that it would be advisable for him to avail himself of the services of his appointed counsel who was then and there ready, willing and able to represent him. The court concluded by saying, "I would suggest that you keep the Public De-

fender, but that is all I can do, is to suggest it. I can't require you to do so. What do you want to do?'' Appellant refused to withdraw his reiterated request that the public defender be relieved and stated that he preferred to represent himself. The court then made its order accordingly.

Thereafter, the court inquired of appellant whether or not he desired a continuance of the trial for the purpose of preparing his case. When he answered in the affirmative, he was asked how much time he would need. He answered, ''a couple of weeks.'' The court thereupon ordered the trial continued to January 31, 1961.

On January 31, 1961, appellant appeared in propria persona and waived a jury trial, whereupon the case was transferred to another department of the court. When the case was called in the trial department, appellant addressed the court, stating in substance that because of a ''misunderstanding'' with the deputy public defender who had been appointed to represent him, he previously had moved to have a different attorney appointed, but that his motion had been denied. He said, ''I don't think I am capable of handling this case by myself. I would like to get a P.D.'' Upon being informed of the former proceedings in the matter, the trial court refused to make another appointment of counsel and ordered that the trial proceed.

In view of this record, appellant's contention that he was deprived of his constitutional right to counsel is entirely without merit.

■ Our Supreme Court, in *People* v. *Mattson,* 51 Cal.2d 777, 788, 789 [336 P.2d 937], after referring to the constitutional and statutory provisions which guarantee the right to counsel, observed: ''The foregoing sections accord the accused not only a right to counsel but also a right to represent himself if he so elects. Except in certain situations not here pertinent, the court cannot force a competent defendant to be represented by an attorney. (*People* v. *Rose* (1919), 42 Cal. App. 540, 553 [7] [183 P. 874]; see also *Adams* v. *United States* (1942), 317 U.S. 269, 279 [63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435].)''

■ In the recent decision of *In re Turrieta,* 54 Cal.2d 816, 821 [8 Cal.Rptr. 737, 356 P.2d 681], it was stated: ''It must also be conceded that generally where a defendant has intelligently waived counsel the burden is on him to take some affirmative action to reinstate his right thereto. In such instances a motion for the assistance of counsel would be di-

rected to the sound discretion of the trial court. Thus in the case of *In re Connor*, 16 Cal.2d 701 [108 P.2d 10], the defendant waived counsel at the beginning of trial proceedings and thereafter, during the prosecution's case, demanded the appointment of counsel. The court properly denied the motion in the circumstances there prevailing. (See also *People* v. *Mattson*, 51 Cal.2d 777, 789 [336 P.2d 937].)''

██ It is well settled that where the attorney for the accused is appointed by the court, the attorney selected by the court in the exercise of a sound legal discretion must be accepted by the accused in the absence of some compelling reason to the contrary. The accused is not entitled to a court-appointed attorney of his own choosing. (*People* v. *Chessman*, 52 Cal.2d 467, 491 [341 P.2d 679]; *People* v. *Manchetti*, 29 Cal.2d 452, 458 [175 P.2d 533]; *People* v. *Williams*, 174 Cal. App.2d 364, 377 [345 P.2d 47].)

██ A defendant cannot urge as a ground for reversal that the trial court refused to appoint counsel to represent him where, prior to the trial, he appeared before the court and without apparent good reason terminated the services of the public defender who had been appointed to represent him. (*People* v. *O'Ward*, 168 Cal.App.2d 127, 132 [335 P.2d 762]; *People* v. *O'Neill*, 78 Cal.App.2d 888, 891 [179 P.2d 10].)

██ ''When the right to counsel has been freely and intelligently waived, an accused has not been deprived of the right to representation by counsel.'' (*People* v. *Ingle*, 53 Cal.2d 407, 417 [2 Cal.Rptr. 14, 348 P.2d 577]; *In re Martinez*, 52 Cal.2d 808, 814 [345 P.2d 449].)

In the instant case, it clearly appears that appellant, without any good or sufficient reason, demanded that the public defender, who had been regularly appointed to represent him, be relieved. He insisted upon his right to represent himself. There is no question but that he fully understood what he was doing and that he was well advised as to the nature and seriousness of the charge against him.

The court granted appellant the continuance of the trial that he requested so that he could prepare his own case. The trial judge properly took account of the further delay that would have resulted from the granting of appellant's later request for counsel. ██ It has been declared to be a ''sound concept that it is the duty of the court to safeguard and promote the orderly and expeditious conduct of its business and to guard against inept procedures and unnecessary indulgences which would tend to hinder, hamper or delay the

conduct and dispatch of its proceedings." (*People* v. *Mattson, supra,* 51 Cal.2d 777, 792; *People* v. *Miller,* 185 Cal.App.2d 59, 78 [8 Cal.Rptr. 91].)

■ With reference to the claimed denial of the right to the process of the court to compel the attendance of witnesses, it appears from the reporter's transcript that it was not until after both sides had rested and after the court had found appellant guilty that he first intimated to the trial court that he desired to call three other witnesses. No motion was made for a continuance to secure the attendance of any of these witnesses. There is nothing to show that the trial judge refused to honor any appropriate or timely request for process. In these circumstances, the assignment of error under discussion must be rejected. (*People* v. *Ingle, supra,* 53 Cal.2d 407, 417.)

■ It is well established that a defendant may not complain of the absence of a witness unless he has made a showing of due diligence to obtain the attendance of the witness. (*People* v. *Grey,* 180 Cal.App.2d 683, 688 [4 Cal.Rptr. 561]; *People* v. *McShann,* 177 Cal.App.2d 195, 197-200 [2 Cal.Rptr. 71].) ■ There is no requirement that the prosecution produce as witnesses all persons who may have been present at the time of the crime, or who may know something about the case. (*People* v. *Smith,* 174 Cal.App.2d 129, 134 [344 P.2d 435]; *People* v. *Taylor,* 159 Cal.App.2d 752, 756 [324 P.2d 715]; 54 Cal.Jur.2d, Witnesses, § 4, p. 204.)

There is no merit in appellant's argument that if he had been represented by counsel, proper steps to obtain the testimony of other witnesses would have been taken. ■ It is well settled that if a defendant elects to represent himself, "he assumes for all purposes connected with his case, and must be prepared to be treated as having, the qualifications and responsibilities concomitant with the role he has undertaken; he is not entitled either to privileges and indulgences not accorded attorneys or to privileges and indulgences not accorded defendants who are represented by counsel." (*People* v. *Mattson, supra,* 51 Cal.2d 777, 794; *People* v. *Chessman,* 38 Cal.2d 166, 174 [238 P.2d 1001].)

We are satisfied from an examination of the entire record that appellant had a fair and impartial trial, that all requirements of due process were satisfied, and that no prejudicial error was committed.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.