[Crim. No. 1712.   Fourth Dist.   May 10, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. JEAN
SHROYER, Defendant and Appellant.

Mary E. Thor for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—By two separate informations containing a total of 11 counts and alleging four prior felony convictions, the defendant was charged with forging or passing 11 forged checks, i.e., violations of section 470 of the Penal Code; initially entered pleas of not guilty and not guilty by reason

of insanity to each count and expressly or by silence denied the allegations setting forth the four prior convictions; thereafter, by permission of court, changed his plea from not guilty to guilty on one count, withdrew his plea of guilty by reason of insanity, and admitted the allegations as to one prior conviction; simultaneously the district attorney moved, and the court granted his motion, to dismiss all other counts and to strike the allegations respecting all other prior convictions.

It appears, although the record is not clear upon the subject, that at the time the defendant was arraigned upon the first information the court appointed the public defender to represent him, but he thereafter declined this representation and advised the court that he would act as his own counsel. When arraigned upon the second information the court offered to appoint the public defender to represent the defendant and urged him to accept this offer but it was declined. In the course of these proceedings the defendant stated that he wished to represent himself; that he wanted to interrogate the witnesses and otherwise to try his own case; that he could use the public defender to give him some advice, to do some research for him, and to serve subpoenas; but that the public defender was too busy to conduct the trial of his case in a proper manner. The public defender indicated his preference not to accept this "errand boy" type of representation, and the court did not require him to do so. Thereupon, the defendant interrogated the trial judge, soliciting his advice concerning questions of law in the case, and was told that the court was not authorized to give him legal advice but would appoint an attorney to represent him. However, this offer was rejected. During this session the cases arising out of the two informations were consolidated for trial.

A few days later, upon the court's own motion, further proceedings with respect to the appointment of counsel were held. At this time the trial judge reviewed and related his previous offers and efforts to appoint counsel for the defendant; the defendant's refusal to accept counsel; his release of the public defender who had been appointed to defend him; the withdrawal of private counsel theretofore appearing on his behalf; the request of the defendant for advice concerning the effect of his dual plea of not guilty and not guilty by reason of insanity; the seriousness of the charges against him; the probability of a lengthy prison term in the event he were found guilty; the complexity of the issues raised by

the dual plea and the rules of procedure and evidence applicable to the case; and the judge's opinion, based on his observations, that the defendant did not have a great deal of legal experience and should have legal counsel to continue his defense. Thereupon the court appointed a private attorney to represent the defendant and indicated that in doing so he was acting pursuant to the authority conferred and the obligation imposed by the decision in *People* v. *Kemp*, 55 Cal.2d 458, 463 [11 Cal.Rptr. 361, 359 P.2d 913]. The attorney who was appointed had had 23 years of trial practice, 15 of which had been in Riverside County; formerly had been a deputy district attorney; for several years had been in private practice, handling the defense in many criminal cases; and also was actively interested in the field of mental illness and psychiatry, and its relation to the law.

A month later, the defendant, accompanied by his court-appointed attorney, appeared in court; asked permission to change his plea theretofore entered as hereinbefore indicated; had his attention specifically directed to the allegations identifying the offense charged in the count to which he wished to plead guilty; both personally and through his attorney, entered his plea of guilty, withdrew his plea of not guilty by reason of insanity, and admitted the allegations respecting one prior conviction; without solicitation asked and received permission to address the court; and stated: "I was under the impression until you appointed Mr. Moss as my attorney, who has spent a great deal of time on this matter, that my position was defensible, and he pointed out certain things that I do understand and there isn't coercion or collusion and I will agree to plead guilty." Thereupon the matter was referred to the probation officer and time for pronouncement of judgment was fixed.

In due course proceedings for pronouncement of judgment were held; the probation officer recommended that probation be denied; defendant's court-appointed counsel made a very able and persuasive argument in support of his contention that the defendant should be granted probation and that the recommendation of the probation officer should not be accepted; the court indicated its intention to follow the recommendation of the probation officer and to commit the defendant to the state penitentiary; and, thereupon, the defendant requested the court to send him to the county jail instead of to the penitentiary and, without interruption, presented his views and arguments in support of this request. The trial

judge followed his previously declared intention and entered judgment imposing a sentence of imprisonment in the state prison. Forthwith the defendant personally made a further presentation; expressed general disapproval of all of the proceedings taken; and gave notice of his intention to appeal.

The foregoing oral notice of intention to appeal was followed by a written notice signed by the defendant personally and by a second written notice signed by his present attorney. It appears from the defendant's briefs on file, although only inferentially from the record, that at one stage in the proceedings prior to the filing of the second information, he was represented by present counsel who, together with the public defender theretofore appointed, withdrew because the defendant had indicated his desire to represent himself.

On appeal the defendant contends that he was denied due process of law in that he was not permitted to represent himself, and for this reason the judgment should be reversed. This contention raises the primary issue on appeal.

█ Every defendant in a criminal case has the constitutional right to counsel and also to represent himself if he so elects. (Cal. Const., art. I, § 13; *People* v. *Harmon,* 54 Cal. 2d 9, 14 [4 Cal.Rptr. 161, 351 P.2d 329]; *People* v. *Mattson,* 51 Cal.2d 777, 788-789 [336 P.2d 937]; *People* v. *Jackson,* 186 Cal.App.2d 307, 317 [8 Cal.Rptr. 849]; *People* v. *Marcus,* 133 Cal.App.2d 579, 583 [284 P.2d 848]; *People* v. *White,* 115 Cal. App.2d 828, 830 [253 P.2d 108]; *People* v. *Ansite,* 110 Cal. App.2d 38, 39 [241 P.2d 1036]; *People* v. *Mayfield,* 85 Cal. App. 77, 79 [259 P. 75].) █ However, before he may be permitted to represent himself, the trial court is duty bound to determine whether he is making a competent, intelligent and complete waiver of his constitutionally guaranteed right to be represented by counsel. (*People* v. *Kemp, supra,* 55 Cal.2d 458, 463; *People* v. *Mattson, supra,* 51 Cal.2d 777, 794; *People* v. *Chesser,* 29 Cal.2d 815, 821-824 [178 P.2d 761, 170 A.L.R. 246]; *People* v. *Jackson, supra,* 186 Cal.App.2d 307, 316; *People* v. *O'Ward,* 168 Cal.App.2d 127, 131 [335 P.2d 762].) ██ This obligation has been described as a "serious and weighty responsibility" (*Johnson* v. *Zerbst,* 304 U.S. 458, 465 [58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357]); its discharge requires "a consideration of the nature of the charge, the facts and circumstances of the case, and the education, experience, mental competence and conduct of the accused" (*People* v. *Chesser, supra,* 29 Cal.2d 815, 822; *In re James,* 38 Cal.2d 302, 313 [240 P.2d 596]; *People* v. *O'Ward, supra,*

168 Cal.App.2d 127, 131); and the determination made involves an exercise of discretion which, in the absence of a showing of abuse, will not be disturbed on appeal. (*People* v. *O'Ward, supra,* 168 Cal.App.2d 127, 131; *People* v. *Loignon,* 160 Cal.App.2d 412, 417 [325 P.2d 541]; *People* v. *Rogers,* 150 Cal.App.2d 403, 416 [309 P.2d 949]; *People* v. *Wilson,* 46 Cal.App.2d 218, 223 [115 P.2d 598].) ██ In the case at bar, the gravity of which was increased by the number of charges filed and the number of alleged prior convictions, the defendant entered the dual plea of "not guilty" and "not guilty by reason of insanity"; indicated his desire to have advice of counsel although he was intent upon conducting his own trial; by his solicitation of the court's advice on a legal issue demonstrated his lack of knowledge and ability in the premises; gave as a reason for rejecting the appointment of the public defender that the latter "was too busy"; and the court appointed a private attorney who not only had many years of experience in the trial of criminal actions, but also had demonstrated his interest in the field of mental health and psychiatry. There is no showing that the appointment of the attorney in question constituted an abuse of discretion and the determination of the court in the premises must be sustained.

Furthermore, the evidence in this case establishes a lack of any prejudice to the defendant resulting from the appointment of such attorney which might support his contention that he was denied due process of law. ██ A denial of the constitutional right of a defendant to conduct his defense in person, like a denial of his constitutional right to be represented by counsel at all stages of the proceedings against him, to constitute deprivation of due process of law "must have so fatally infected the regularity of his trial and conviction as to violate the fundamental aspects of fairness and result in a miscarriage of justice." (*People* v. *Crooker,* 47 Cal.2d 348, 353 [303 P.2d 753]; *People* v. *Marcus, supra,* 133 Cal. App.2d 579, 583.) ██ As heretofore noted, the defendant expressed his wish to have an attorney to advise him; at the most, indicated a desire to represent himself in the conduct of his trial; and at the time his plea was entered he did not protest the appearance of his court-appointed attorney on his behalf. At that time he not only personally entered his plea of guilty to one count contained in the information and personally admitted the allegations with respect to one prior conviction, but also voluntarily and without solicitation advised

the court that he was not acting under "coercion or collusion." At the time of pronouncement of judgment his case was presented not only by his attorney on his behalf but also by himself personally; each of them presenting arguments in opposition to the recommendation that he be sentenced to prison; and the court listened to and considered both arguments. Under the circumstances, what more could have been done had he not been given the services of an attorney, or in what manner he was deprived of a fair hearing because of the appointment of counsel, not only does not appear from the record but cannot be imagined.

The defendant makes a number of contentions based on facts which he claims exist and are established by affidavits and letters attached to his brief on appeal. There is no evidentiary support in the record for his claims that he requested the court never to permit him to enter a plea of guilty; that his attorney misinformed him; or that, after entry of judgment, he asked to set aside his plea of guilty.

"Points that have no foundation in the record cannot be considered by a reviewing court." (*People* v. *Pearson,* 150 Cal.App.2d 811, 815 [311 P.2d 142]; *People* v. *Collins,* 172 Cal.App.2d 295, 302 [342 P.2d 370]; *People* v. *Justice,* 167 Cal.App.2d 616, 622 [334 P.2d 1031]; *People* v. *Ruiz,* 103 Cal.App.2d 146, 150 [229 P.2d 73].) Under the stated rule, the alleged effect of assumed facts upon the judgment appealed from may not be considered.

Although inconsistent with his major premise, this court must take cognizance of the defendant's further contention that the defense offered him by his court-appointed attorney was a "sham and a farce"; constituted no representation under the ruling stated in *People* v. *Wein,* 50 Cal.2d 383, 410 [326 P.2d 457]; and, therefore, his conviction should be reversed. It is obvious that he would have received no legal services at all if the court had adhered strictly to his expressed wish to conduct his own defense. The record belies the subject contention; supports the conclusion that the attorney in question was well qualified to advise the defendant with respect to all phases of his case and the probability of the outcome in the event of trial; from the statements of the defendant himself shows that the attorney "spent a great deal of time" on the case before the change of plea was made; reflects a conscientious, sincere and able presentation of the defendant's case at the time of pronouncement of judgment; and contains no showing of neglect, inability or lack of ad-

vocacy. The contention that the representation offered the defendant was a "sham and farce" is wholly without foundation.

The judgment is affirmed.

Griffin, P. J., and Shepard, J., concurred.