[Crim. No. 8974.   Second Dist., Div. Three.   Oct. 25, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES BYRD, Defendant and Appellant.

James Byrd, in pro. per., and Michael Cullen, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

SHINN, P. J.—James Byrd, accused of robbery and of having suffered three prior convictions of felony, admitted

the prior convictions, and was convicted of robbery of the second degree. He appealed from the judgment in propria persona and noticed an appeal from the nonappealable order denying his motion for a new trial. Upon his application we appointed counsel. A comprehensive review of the record has been filed by counsel, with a statement of his opinion that the appeal is groundless. This, clearly, was a correct conclusion.

The Attorney General has moved to dismiss the appeal as frivolous and sham. The motion and the appeal on the merits have been ordered submitted.

With the exception of appeals from judgments based upon pleas of guilty it has not been the practice of the court to dismiss appeals as frivolous. In line with this policy, and at a waste of time and the cost of publication, we have filed many opinions that have been of benefit to none. However, we have decided to state the evidence in the present case, if only to show the futility of the appeal from the judgment. Accordingly, we shall deny the motion to dismiss.

As developed by the evidence of the People, the facts were that at about 5 a.m. Mrs. McCorkle was standing beside her brother's car on Hollywood Boulevard. Defendant suddenly appeared and snatched her purse from her, breaking a shoulder strap. After he disappeared around the corner on to Hobart, he was next seen by the witness Goetzker emerging from his car which had crashed into a parked car a short distance south of Hollywood Boulevard. Defendant was carrying an object which resembled Mrs. McCorkle's purse; as he walked away defendant passed a pickup truck parked at the curb. In a few moments Mr. Goetzker observed the stolen purse in the gutter, underneath the pickup. Defendant summoned his brother by phone and they drove up in the brother's car. The police, responding to the call of Mrs. McCorkle, arrived upon the scene. Defendant was identified by Mrs. McCorkle and was placed under arrest. Defendant took the stand and denied the robbery; his home was far distant from Hollywood; he had driven to the vicinity, he explained, to accommodate a stranger who wished to be driven there.

In the cross-examination of Mrs. McCorkle, defendant exhibited to her pictures of himself taken shortly after his arrest. From her recollection, from the pictures and from his appearance in the courtroom, Mrs. McCorkle positively identified defendant as the man who robbed her of her purse.

In a former trial in which defendant discharged the public

defender and represented himself, the jury disagreed. Thereafter, upon request, the public defender was appointed, but at the commencement of the second trial was again discharged by defendant. Thereupon, defendant requested a continuance in order to study the transcript of the first trial. When it was shown that he had had possession of the transcript for some time the continuance was properly refused.

During the trial, in which defendant's familiarity with the procedure in criminal cases was demonstrated, he received an extraordinary amount of assistance from the court, especially in the cross-examination of Mrs. McCorkle. When defendants, without reason, refuse the services of able counsel, undue solicitude on their behalf could easily be understood by the jury as indicating a lack of impartiality upon the part of the court. ■ Defendants who insist upon representing themselves are not entitled to special privileges and advantages. (*People* v. *Chessman*, 38 Cal.2d 166, 174 [238 P.2d 1001]; *People* v. *Mattson*, 51 Cal.2d 777, 794 [336 P.2d 937]; *People* v. *Ortiz*, 195 Cal.App.2d 112, 117 [15 Cal.Rptr. 398].)

The motion to dismiss the appeal is denied. The purported appeal from the order denying the motion for a new trial is dismissed.

The judgment is affirmed.

Ford, J., and Files, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 18, 1963.