[Crim. No. 2815.   Fourth Dist., Div. One.   Jan. 19, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT
FRASER LOVING, Defendant and Appellant.

Conrad G. Walker, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James,

Assistant Attorney General, and Jerold A. Prod, Deputy Attorney General, for Plaintiff and Respondent.

COUGHLIN, J.—Defendant appeals from a conviction of robbery in the second degree contending, (1) he was denied the right to represent himself at the trial; and (2) the court erred in sustaining an objection to expert opinion evidence he did not have an intent to steal at the time of the offense.

On March 24, 1966, defendant's automobile was involved in a rear-end collision with an automobile driven by a man named Garcia. An argument ensued. Defendant assaulted Garcia, injuring him seriously; forcibly removed a watch from the latter's wrist; placed it in his pocket; shortly thereafter fled from the scene; and later was apprehended. His defense to the robbery charge was that he did not intend to steal the watch; after placing it in his pocket, forgot he had put it there; and fled the scene because he was frightened.

Initially defendant represented himself. His trial was set for June 17, 1966. Subsequently he requested and obtained appointed counsel. On June 17th the trial was continued upon his motion. Thereafter the trial judge, entertaining a doubt of the sanity of defendant, caused proceedings to be instituted under Penal Code, section 1368, for the purpose of determining whether he then was insane. Apparently these proceedings culminated in a finding he was sane. Thereupon the case was set for trial on October 4, 1966. On August 18, 1966, defendant moved to change his plea; withdrew this motion; and moved to be relieved of present counsel and the appointment of new counsel. His request for change of counsel was granted.

On the morning of the day of trial defendant requested his counsel be discharged; he be permitted to represent himself; and he be given permission to use the law library. He made these requests by submitting two handwritten documents to the court. One of these, dated October 3, 1966, expressed his wish to represent himself; and the other, dated October 4, 1966, requested permission to use the law library. In the October 3d document defendant stated: "As of Oct 4 Mr. Walker you are relived [sic] of your Job of defending me, although you seem to be pretty sharp and intelligent in your field that doesn't partially make up for sitting six straight weeks in the County Jail lawyerless, during the time from when the Judge appointed you and the first time I saw you which was three weeks before trial, other than that our three brief conversations haven't totaled more than 45 minutes. My

Christian clergyman agrees with me, on my decision.'' In the October 4th document defendant gave as the reason for his request for permission to use the law library, that ''I would like to learn how the laws work so that I will know the rights I'am [sic] entitled to.'' The judge presiding at the time of trial had presided over the other proceedings in the case, except for the hearing on the sanity issue. The defendant, at the time in question, made a further request stating: ''I'd like to say something, your Honor, in addition. I've been punished the last six months in confinement, and I feel that that's sufficient for all the wrong things I've ever done in my life, and I think I should be released today.'' The court considered this request as a motion to dismiss and denied the same. After a short discussion, during which the judge expressed his belief defendant's asserted dissatisfaction with his counsel was not well taken, the request to discharge counsel and appear in person was denied.

At the trial defendant and three other witnesses testified on his behalf; one of the latter, a former employer, was questioned respecting defendant's general reputation for truth, honesty and integrity and concerning matters on the issue of motive; the other two, a psychologist and a psychiatrist, were called for the purpose of introducing their opinions defendant at the time of the offense did not have an intent to steal the watch. The record shows defendant was represented ably at all times.

A defendant in a criminal case has the constitutional right to counsel and also to represent himself if he so elects. (*People* v. *Maddox,* 67 Cal.2d 647, 651 [63 Cal.Rptr. 371, 433 P.2d 163]; *People* v. *Shroyer,* 203 Cal.App.2d 478, 482 [21 Cal.Rptr. 460].)    However, the exercise of these rights is subject to regulation and control by the court in the discharge of its duty to safeguard and promote the orderly and expeditious discharge of its business. (*People* v. *Mattson,* 51 Cal.2d 777, 792 [336 P.2d 937]; *People* v. *Smith,* 223 Cal. App.2d 394, 404 [36 Cal.Rptr. 119].)     The request of a defendant to exercise his right to discharge his counsel and represent himself should be asserted timely (*In re Connor,* 16 Cal.2d 701, 709 [108 P.2d 10]; *People* v. *Gaither,* 173 Cal. App.2d 662, 671 [343 P.2d 799]); may not be used to delay the proceedings or to subvert the orderly and efficient administration of justice (*People* v. *Carter,* 66 Cal.2d 666, 670 [58 Cal.Rptr. 614, 427 P.2d 214]; *People* v. *Douglas,* 61 Cal.2d 430, 438 [38 Cal.Rptr. 884, 392 P.2d 964]; *In re*

*Connor, supra,* 16 Cal.2d 701, 709) ; may be invoked only in the course of orderly procedures attendant upon the dispatch of judicial business (*People* v. *Thomas,* 58 Cal.2d 121, 131 [23 Cal.Rptr. 161, 373 P.2d 97] ; *In re Connor, supra,* 16 Cal.2d 701, 709; *People* v. *O'Ward,* 168 Cal.App.2d 127, 131 [335 P.2d 762] ) ; and may not be granted unless he has a knowing and intelligent concept of the consequences of waiving his right to counsel and of representing himself. (*People* v. *Carter, supra,* 66 Cal.2d 666, 672; *In re Johnson,* 62 Cal.2d 325, 335 [42 Cal.Rptr. 228, 398 P.2d 420] ; *People* v. *Douglas, supra,* 61 Cal.2d 430, 435; *People* v. *Shroyer, supra,* 203 Cal. App.2d 478, 482.)

■ Application of the foregoing rules to the circumstances of a particular case and the resultant determination involve ''an exercise of discretion by the trial judge which, in the absence of a showing of abuse, will not be disturbed on appeal.'' (*People* v. *Carter, supra,* 66 Cal.2d 666, 672-673.)

■ Prerequisite to a showing the court abused its discretion in denying a defendant's request to represent himself is the further showing not only that he had a knowing and intelligent concept of the consequences attendant upon the presentation of his case in person, but also a knowing and intelligent concept of the consequences attendant upon waiving his right to have his case presented by counsel. The burden of making such a showing is upon the defendant who objects to the order denying his request. (Cf. *Moore* v. *Michigan,* 355 U.S. 155, 161 [2 L.Ed.2d 167, 172, 78 S.Ct. 191, 195] ; *In re Connor, supra,* 16 Cal.2d 701, 709; *People* v. *Smith, supra,* 223 Cal.App.2d 394, 400; *People* v. *Collins,* 220 Cal. App.2d 563, 574 [33 Cal.Rptr. 638] ; *People* v. *Sherman,* 211 Cal.App.2d 419, 428 [27 Cal.Rptr. 353].)

■ Obviously a determination whether the court abused its discretion in denying a defendant's request to represent himself is not subject to the same considerations involved in determining whether the court abused its discretion in granting such a request. Language in the decisions cited by defendant in support of his position must be viewed accordingly. (E.g. *People* v. *Thomas, supra,* 58 Cal.2d 121, 131-132; *People* v. *Harmon,* 54 Cal.2d 9, 15 [4 Cal.Rptr. 161, 351 P.2d 329].)

■ In the case at bench there is no showing of an abuse of discretion in denying defendant's request to represent himself. To the contrary, the circumstances heretofore noted, in light of the rules heretofore considered, show a valid exercise of that discretion.

██ The trial court sustained objections to the admission of the opinions of the psychologist and the psychiatrist that, at the time of the offense, defendant did not intend to steal the watch. The psychiatrist testified he ''found nothing about Mr. Loving's mental condition which would have ruled out his ability to have formed such an intent.'' In substance, defendant relies upon an extension of the rule ''that on the trial of the issues raised by a plea of not guilty to a charge of a crime which requires proof of a specific mental state, competent evidence that because of mental abnormality not amounting to legal insanity defendant did not possess the essential specific mental state is admissible.'' (*People* v. *Gorshen,* 51 Cal.2d 716, 726 [336 P.2d 492].) We hold the opinion of an expert, under circumstances such as in this case, that a defendant charged with robbery actually did not have an intent to steal at the time he committed the offense, is not admissible.[1] The opinion solicited in the case at bench was outside the scope of expert testimony.

The judgment is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.

---

[1]Our conclusion is not based upon the concept an expert cannot give an opinion upon an ultimate fact in a case. The settled rule is to the contrary (*People* v. *Brown,* 49 Cal.2d 577, 587 [320 P.2d 5]); admissibility depends upon the nature of the issue and the circumstances; and the determination respecting such involves an exercise of judicial discretion. (*People* v. *Wilson,* 25 Cal.2d 341, 349 [153 P.2d 720].)