*407
 
 PEEK, P. J.
 

 Defendant appeals from a judgment entered pursuant to a verdict finding him guilty of a violation of Penal Code section 288.
 

 Upon defendant’s request, this court appointed Donald L. Gilmour, Esq., to represent him on appeal. Mr. Gilmour has advised the court that he can find no merit to the contentions advanced to him by defendant, which were: (1) that his counsel was incompetent, and (2) that the victim and his brothers changed their testimony. Counsel also states that he could find no grounds for appeal from his review of the record. This court has likewise reviewed the record and concludes, as did Mr. Gilmour, that the appeal is without merit.
 

 The record shows that at approximately 4:30 p. m. on the afternoon of June 6, 1960, three brothers, ages 10, 9, and 5 years, were playing baseball in a park in Woodland. Defendant was lying on the grass near where the boys were playing. After a period of time, the oldest boy stopped by defendant and was talking to him when his two brothers joined them. Defendant began playing with and fondling the youngest of the brothers. After this incident, and upon one of the brother’s insistence, two of them left and went home. The oldest stayed behind, saying he wanted to wrestle with defendant. He became frightened, however, at defendant’s actions and attempted to run away. Defendant followed him and committed the acts prohibited by said section.
 

 A Mr. Barton, who was working in his garden located adjacent to the park, heard a boy’s voice saying, “Let me go. I got to go home.” Barton then saw a man and a boy and noticed that the boy was struggling. After calling to them, the man and boy got up and left. Barton could not identify defendant as being the man he saw in the park.
 

 After leaving the park, the boy went to his home and told his father about the incident. A short time later, while the boy and his father were driving to the police station, the child saw defendant on the street; he was arrested by officers shortly thereafter.
 

 Defendant’s first trial ended in a hung jury. During the course of the second trial and after several witnesses had testified, defendant requested that the court discharge his counsel, the public defender who had represented him at the first trial, for the reason that he did not believe he was being properly represented. The court explained in detail the seriousness of the charge and the need for adequate representation. Upon defendant’s continued insistence to represent
 
 *408
 
 himself, the court reluctantly discharged the public defender, but instructed him to remain in the courtroom in an advisory capacity.
 

 It is well established that although one is entitled to counsel, it is equally true that he is entitled to waive the assistance of counsel and represent himself. But before there can be an effective waiver, it must appear that the defendant has an intelligent understanding of the consequences of his act.
 
 (In re Connor,
 
 16 Cal.2d 701 [108 P.2d 10];
 
 People
 
 v.
 
 Chessman,
 
 38 Cal.2d 166 [238 P.2d 1001].) Whether there has been an intelligent waiver of counsel involves the consideration of the nature of the charge, the facts and circumstances of the case, and the education, experience, mental competence, and conduct of the accused.
 
 (People
 
 v.
 
 Chesser,
 
 29 Cal.2d 815 [178 P.2d 761, 170 A.L.R. 246].)
 

 In the present case the record discloses that the court fully apprised defendant of his rights, the seriousness of the charge, and the consequences of his act. Throughout the course of the trial, the court frequently interrupted the proceedings to advise and assist defendant. The record is barren of any evidence that defendant was mentally incompetent or that he did not understand the legal effect of his insistence upon representing himself. Since the court could not force defendant to accept representation of counsel
 
 (People
 
 v.
 
 Mattson,
 
 51 Cal.2d 777 [336 P.2d 937]), the court did the most that could be done when it assigned the public defender, who was familiar with the case, to act in an advisory capacity.
 

 Defendant’s further contentions, being wholly unsupported by the record, do not warrant discussion.
 

 • The judgment is affirmed.
 

 Schottky, J., and Pierce, J., concurred.