[Crim. No. 313. Fifth Dist. Jan. 23, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. JOAQUIN V. MONTIGO, Defendant and Appellant.

John P. Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

34

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and James T. McNally, Deputy Attorneys General, for Plaintiff and Respondent.

STONE, J.—Defendant appeals from a judgment entered upon a jury verdict finding him guilty of two counts of burglary second degree, a violation of section 459 of the Penal Code.

A brief summary of the facts will suffice as background for discussion since neither of defendant's two grounds of appeal attacks the sufficiency of the evidence. Defendant, who represented himself in the trial court, urges a reversal, first, upon the ground that his waiver of trial counsel was not intelligently and effectively made and, second, that statements made by the prosecutor during his summation to the jury constituted improper comments on defendant's failure to testify.

During the early morning hours of July 30, 1965, the H. & M. Tractor Company and the Silveras Service Station, both located in Stockton, were burglarized, and from each place personal property and money were taken. About 5 a.m. the same morning defendant was apprehended walking a few blocks from where the burglaries occurred. His pockets and shirt front were bulging with various items of personal property, later identified as articles stolen in the two burglaries. He also had $153.14 in cash, a large screwdriver and a glass cutter.

Defendant was charged by the original information with two counts of burglary. At his arraignment, he appeared in propria persona but was accompanied by the public defender. The court asked defendant if he wished to have counsel appointed, and defendant answered, ''No.'' The court repeated the question, and advised defendant, ''You have a right to counsel, you understand, assuming you are indigent''; to which defendant replied, ''I know.''

Later an amended information, adding two prior convictions, was filed, and defendant was again arraigned. At the outset the judge remarked that defendant had not been represented by counsel up to that time and asked him if he did not wish to have a public defender appointed to help him. Defendant stated that he was unrepresented and that he did not wish the services of the public defender. The court then asked defendant if he wished to waive counsel, and defendant nodded his head affirmatively. The judge meticulously explained the import of the two prior convictions that had

been added to the information, pointing out that the district attorney would have the burden of proving them at the trial. He further explained that proof of the two priors would be presented to the jury, and that such evidence might prejudice defendant in the eyes of the jurors. The court also advised defendant that if the priors were true, he could admit them and eliminate the presentation of proof by the district attorney. Defendant denied both priors.

At the preliminary hearing the judge first noted the record reflected that defendant had previously waived counsel in open court and had advised the court that he did not wish to be represented by counsel. Defendant was asked if that was correct, and he replied, ''That's correct.'' The judge asked: ''You have no desire to be represented by the public defender's office?'' Defendant replied, ''That's correct.'' When asked if he had any questions concerning legal procedure, defendant answered, ''Not at this time, your Honor.'' The court then said:

''I am going to request Mr. Hastings from the Public Defender's Office to just remain in the courtroom in case you do have any legal questions that come up. He can explain them to you, understand that, Mr. Montigo? Defendant: Uh huh.''

Defendant was also admonished that if he had any questions at any time to advise the court.

Defendant was held to answer, and when the case came on for trial the first thing the trial judge did was to discuss the case with defendant, in chambers. He asked if defendant still felt he wanted to represent himself in accordance with his previous waiver of the right to have an attorney, and defendant said, ''Yes.'' The trial judge then gave defendant some material on procedure and told him that he would give him time to look it over. The judge also explained the purpose of jury *voir dire* and, to aid defendant, suggested questions that might be proper on *voir dire*. He also advised defendant of his right to challenge prospective jurors for cause, the right to peremptory challenges and the number of peremptory challenges to which each side was entitled. Defendant was given a list of jurors and the judge suggested that defendant write the names of the jurors chosen in the position or order in which they occupied the jury box. It is significant that the trial judge, just as the committing magistrate had done, explained to defendant that the district attorney would present evidence of the prior convictions to the jury and asked defendant if he wanted the jury to hear such evidence.

Defendant replied: "Might as well." Again, the court said, "That's right, isn't it, at the present time you are denying the priors and putting upon the District Attorney the obligation to prove them if he can." Defendant replied, "Uh huh."

The trial went forward, defendant representing himself. The jury found defendant guilty of both counts of burglary, and that he had suffered the two prior convictions.

Defendant's first ground of appeal is that he had insufficient legal knowledge to effectively waive counsel. He argues that the record discloses his lack of legal knowledge in that he made no objection to the admissibility of evidence; that his cross-examination of witnesses was scanty and inadequate; that his denial of his prior convictions permitted evidence thereof to be presented to the jury.

On two occasions defendant was advised by a judge of the effect of denying the priors and that if he had in truth suffered the prior convictions and would admit them, the district attorney would not be required to prove them.

■ The fact that defendant elected to represent himself and devise his own strategy, which failed him, is not a ground for appeal. Defendant cites *People* v. *Kemp,* 55 Cal.2d 458, 463 [11 Cal.Rptr. 361, 359 P.2d 913]; *People* v. *Schroyer,* 203 Cal.App.2d 478, 482 [21 Cal.Rptr. 460]; and *People* v. *Black,* 205 Cal.App.2d 406, 408 [23 Cal.Rptr. 141], in support of his position. ■ However, a reading of these cases discloses the general principle that the trial court must make inquiry to be certain that defendant knows what he is doing when he elects to represent himself and that he understands the accompanying hazards, in short, that he knowingly waives his right to counsel. ■ Here, defendant made his choice to represent himself after he had been twice fully and solicitously advised of the hazards he faced if he refused the court's offer to appoint counsel for him, and particularly the consequences of denying prior convictions alleged in the information.

Looking at defendant's other arguments in support of his contention that he inadequately represented himself, he has pointed to no evidence improperly admitted to or to which objection could have been made by an attorney. A more searching cross-examination of the People's witnesses appears to us more likely to have impressed the inculpatory testimony on the minds of the jurors than to have aided defendant. The evidence revealing defendant's presence in the neighborhood,

his possession of stolen articles and burglary tools is concise and thoroughly convincing of his guilt; cross-examination would have simply emphasized the evidence.

While defendant lacked the skill, knowledge and experience of a trial attorney, the record reflects a greater knowledge of the law than one would expect from a layman. He argued to the jury that the district attorney had the burden of proof and that it was a heavy burden; he attacked the credibility of a police officer's testimony on the ground that it was vague and indecisive; he questioned the sufficiency and the weight of the proof offered to connect him with the crime. We find no ground for holding the trial court erred in deferring to defendant's insistence that he represent himself.

Defendant's other ground of appeal is that the prosecuting attorney improperly commented on his failure to explain his possession of the stolen merchandise, the screwdriver, and the glass cutter. Defendant argues that this tended to incriminate him, in violation of his constitutional right against self-incrimination articulated by the United States Supreme Court in *Griffin* v. *State of California,* 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229]. He also contends the trial court, in explaining statements of the district attorney to the jury, compounded the error.

Defendant does not contend the district attorney or the judge commented directly on his failure to testify, as happened in the *Griffin* case, rather that comments made by the district attorney in his summation to the jury inferentially called the jury's attention to his failure to testify. We are directed to the following:

"Mr. EIGHENBERGER: (Deputy District Attorney) . . . Well, I'm not going to go over everything I mentioned the first time, you've seen all the property that he had on his person, you've got that large screwdriver. Now, ask yourself for a minute what was he doing with a screwdriver this long at 5:00 o'clock in the morning? Those machines, those vending machines were pried open with something. What about the glass cutter that he had? There's no explanation for that. Why walk around with a glass . . .

THE DEFENDANT: There isn't?

MR. EICHENBERGER: Did you say something?

THE DEFENDANT: I did.

THE COURT: There is no explanation that's been introduced in evidence is what Mr. Eichenberger means, and that's true, there has been none introduced in evidence.''

█ Comment by a prosecuting attorney or by a court on the failure of a defendant to testify is now impermissible, under the rule of *Griffin*. █ The quoted remarks of both the district attorney and the court come close to the line, but we are inclined to agree with the People that the comments relate to the state of the evidence before the jury and not to defendant's failure to take the stand and testify. █ The concept of a fair trial requires that a defendant's constitutional right to remain silent be protected within the principles enunciated in *Griffin*, and at the same time that counsel be permitted to fully discuss the evidence, drawing therefrom all reasonable inferences. There is no clear line of demarcation between these two fundamental principles. As a number of writers have pointed out (see *People* v. *Modesto*, 62 Cal.2d 436, 452 [42 Cal.Rptr. 417, 398 P.2d 753], and authorities cited therein), when evidence a defendant could reasonably be expected to explain or deny is peculiarly within his knowledge, his election to remain silent raises an adverse inference in the minds of the jurors, even though no comment is made. If *Griffin* were to be pushed to its dry, logical extreme, the right to argue the effect of evidence when a defendant refuses to testify would be nearly nullified by attenuated subtleties. In the court room, the trial judge and counsel need a pragmatic test of permissible argument which would seem to be that comment must relate to the evidence and to inferences logically arising therefrom; that the attention of the jury may not be directed to any inference that may arise from a defendant's failure to take the stand and explain or deny such evidence. When the evil proscribed by *Griffin* is kept in mind, no difficulty should be encountered in restricting comment to inferences deduced from the evidence itself. The remarks of the trial judge indicate that he was cognizant of this underlying principle, as his explanation to the defendant and to the jury placed the remarks of the district attorney within the posture of inferences drawn from the evidence.

█ It would be an undue restriction upon the district attorney to hold that he could not comment upon the evidence that defendant was in a strange neighborhood at 5 a.m., that he had a screwdriver, a glass cutter, and stolen property in his possession. It is true the jury might well have concluded that by failing to take the stand and explain these peculiar circumstances defendant opened the way for an inference of guilt. The inference, however, would be that of the jury, not one argued to them by the prosecuting attorney nor presented

by the instructions of the trial judge. ██ Certainly a defendant, by standing mute, cannot deprive the district attorney of the right to draw a legitimate inference from evidence properly received.

██ We do not think there was error here, but if error there was, a reversal is not required. *People* v. *Bostick*, 62 Cal.2d 820, 823 [44 Cal.Rptr. 649, 402 P.2d 529], holds that article VI, section 4½ (now art. VI, § 13), of the California Constitution, applies to *Griffin*-type errors. After reviewing the entire record, we are convinced that a result more favorable to defendant would not have been reached had the cited remarks not been made, and if to make them was error it was not prejudicial. (*People* v. *Watson*, 46 Cal.2d 818, 837 [299 P.2d 243] ; Cal. Const., art. VI, § 13.)

The judgment is affirmed.

Conley, P. J., and Gargano, J., concurred.